## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PROJECT VERTE INC.,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 23-10101-LSS<br><br>Hearing Date: March 16, 2023 at 2:30 p.m. EST<br>Obj. Deadline: March 9, 2023 at 4:00 p.m. EST |

## MOTION FOR ENTRY OF AN ORDER
## DIRECTING TURNOVER OF ESTATE PROPERTY

Alfred T. Giuliano (the "Trustee"), the Chapter 7 trustee for the estate of Project Verte Inc. (the "Debtor"), by and through his proposed attorneys, Fox Rothschild, LLP, files this *Motion for Entry of an Order Directing Turnover of Estate Property* (the "Motion"). In support of the Motion, the Trustee respectfully states as follows:

### JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E) and (O).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§1408 and 1409.

3. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 541, 542, and 543.

### BACKGROUND

4. On January 26, 2023 ("Petition Date"), the Debtor, through a receiver appointed in accordance with applicable Delaware law (the "Receiver"), filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware (the "Court").

5.      On January 27, 2023, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect [D.N. 6].

6.      Prior to the Petition Date, the Debtor operated as a full circle e-commerce platform that used automated fulfillment centers, proprietary software, and blockchain technology to service its customers.

7.      Prior to the Petition Date, the Debtor sold part of its business to JA Tech Holdings LLC pursuant to that certain Chancery Sale Order dated January 20, 2023 (the "Chancery Sale Order"), resulting in net proceeds (the "Tech Proceeds") in the approximate amount of $1,150,000. A copy of the Chancery Sale Order is attached hereto as **Exhibit "A"** and incorporated by reference herein.

8.      As more fully set forth in the Chancery Sale Order, the Tech Proceeds are being held in the Receiver's designated account. See Chancery Sale Order ¶ 3.

9.      The Chancery Sale Order also provides that the Tech Proceeds "shall remain with the Receiver subject to further order of [the Chancery Court] or another court of competent jurisdiction." Id.

10.      Following his appointment, the Trustee requested that the Receiver turnover the Tech Proceeds. However, given the language of the Chancery Sale Order and out of an abundance of caution, the Receiver has requested entry of an order directing the turnover of the Tech Proceeds before remittance.

**RELIEF REQUESTED**

11.      The Trustee requests the entry of an Order (i) directing the Receiver to turnover to the Trustee all property of the Debtor, including the Tech Proceeds, pursuant to 11 U.S.C. §§ 542

and 543; and (b) directing the Receiver to file an accounting of the Debtor's property in accordance with 11 U.S.C. § 543.

## BASIS FOR RELIEF

12. The Tech Proceeds are subject to turnover pursuant to Sections 542 and 543 of the Bankruptcy Code because the Tech Proceeds are property of the Debtor's estate under Section 541 of the Bankruptcy Code, and the Receiver is in possession, custody, and control of the Tech Proceeds.

13. Section 542 of the Bankruptcy Code gives a trustee the power to seek turnover of all property of a debtor's estate:

> [A]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542 (a).

14. Similarly, Section 543 of the Bankruptcy Code requires custodians, including the Receiver, to turnover property of a debtor, as well as provide an accounting of such property:

> A custodian shall—
>
> (1) deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case . . . .

11 U.S.C. § 543(b).

15. As set forth above, the Tech Proceeds are property of the Debtor pursuant to 11 U.S.C. § 541 because, as set forth in the Chancery Sale Order, the Debtor holds both legal and equitable interests in the Tech Proceeds as of the Petition Date.

16. The Receiver is in possession, custody, and control of the Tech Proceeds.

17. The Trustee may use the Tech Proceeds under Section 363 of the Bankruptcy Code.

18. The Tech proceeds are valuable and beneficial to the Debtor's estate.

19. Thus, the Receiver is obligated to turnover the Tech Proceeds in accordance with 11 U.S.C. §§ 542 and 543.

## **NOTICE**

20. Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel for the Debtor; (c) counsel for the Receiver; (d) all parties who have filed a proof of claim as of this Motion; and (e) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no further notice is required and requests that the Court determine such notice is adequate and proper.

*[Remainder of page left intentionally blank]*

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests entry of an order (i) authorizing and directing the Receiver to turnover to the Trustee all property of the Debtor, including the Tech Proceeds, pursuant to 11 U.S.C. §§ 542 and 543; (ii) directing the Receiver to file an accounting of the Debtor's property in accordance with 11 U.S.C. § 543; and (iii) for such other and further relief as is just.

                                  Respectfully submitted,

                                  **FOX ROTHSCHILD LLP**

By: /s/ Seth A. Niederman
Seth A. Niederman, Esquire
Delaware Bar No. 4588
919 North Market Street, Suite 300
P.O. Box 2323
Wilmington, DE 19899-2323
Phone (302) 654-7444/Fax (302) 656-8920
sniederman@foxrothschild.com

-and-

Michael G. Menkowitz, Esquire
Jesse M. Harris, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Phone (215) 299-2000/Fax (215) 299-2150
mmenkowitz@foxrothschild.com
jesseharris@foxrothschild.com

Dated: February 24, 2023

*Proposed Counsel for Alfred T. Giuliano, Chapter 7 Trustee for the estate of Project Verte Inc.*