**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>PROJECT VERTE INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-10101-LSS<br><br>**Related D.I.: 105 & 113** |

**ORDER APPROVING AND AUTHORIZING SALE OF PURCHASED ASSETS
FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND
ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363,
AND RULE 6004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Upon the motion [D.I. 105] (the "Sale and Bidding Procedures Motion") of Alfred T. Giuliano (the "Trustee"), the Chapter 7 Trustee for the estate of Project Verte Inc. (the "Debtor"), under Sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Fed. R. Bankr. P. 6004 and 9014, and Local Rule 6004-1 for (1) entry of an order (the "Bidding Procedures Order") (a) approving bidding procedures (the "Bidding Procedures") at a potential public auction (the "Auction") for the sale (the "Sale") of certain of the Debtor's assets (the "Purchased Assets") and the proposed Asset Purchase Term Sheet (the "Agreement")[1] in conjunction therewith, and (b) scheduling the bid deadline, Auction date, and Sale hearing and approving the form and manner of notice thereof; and (2) following a subsequent hearing (the "Approval Hearing"), entry of this order (the "Approval Order") approving (a) the Sale of the Purchased Assets under the Agreement to the Purchaser (as defined in the Sale and Bidding Procedures Motion) or an entity or entities submitting the Successful Bid to be determined at the Auction, free and clear of liens, claims, interests, and encumbrances, (b) the Agreement and the obligations incurred by the Trustee and the Purchaser or Successful Bidder thereunder, and (c)

---

[1] A copy of the Agreement is attached hereto as **Exhibit "A"** and incorporated by reference herein.

granting related relief; and the Court having entered the Bidding Procedures Order [D.I. 113] granting the Sale and Bidding Procedures Motion (as it pertains to approval of the matters set forth therein); and the Court having subsequently held the Approval Hearing;[2] and the Court having found that (i) the Court has jurisdiction to consider the Sale and Bidding Procedures Motion and the relief requested therein pursuant to 28 and U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) notice of the Sale and Bidding Procedures Motion and Approval Hearing was sufficient under the circumstances; and (v) after due deliberation the Court having determined that the relief requested in the Sale and Bidding Procedures Motion is in the best interests of the Debtor's estate and its creditors; and good and sufficient cause having been shown;

AND FURTHER FOUND AND DETERMINED THAT:

A.      This Court has jurisdiction over the bankruptcy case and the Sale and Bidding Procedures Motion as a core proceeding and over the parties and property affected hereby under 28 U.S.C. §§ 157(b) and 1334.  Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

B.      Under the circumstances, the notice given by the Trustee of the Sale and Bidding Procedures Motion and the Approval Hearing constitutes appropriate notice and complies with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any order entered by this Court limiting and/or shortening notice.

C.      A reasonable opportunity to object or to be heard regarding the relief requested in the Sale and Bidding Procedures Motion has been afforded to all interested persons and entities.

---

[2] Capitalized terms not otherwise defined herein shall have their meanings as ascribed to them in the Bidding Procedures, and if not in the Bidding Procedures, the Agreement, and if not in the Bidding Procedures or the Agreement, the Settlement Agreement (as defined herein).

146985759.2
132140891v.4

D.    The Trustee did not receive any Qualified Bids (other than the Agreement) by the Bid Deadline, and therefore did not hold an Auction.

E.    The Purchase Price is the highest and best offer for the Purchased Assets and constitutes reasonably equivalent value for the Purchased Assets.

F.    The Purchaser is a purchaser in good faith for fair value within the meaning of section 363(m) of the Bankruptcy Code and, therefore, is entitled to the protection of section 363(m) of the Bankruptcy Code.

G.    The Purchaser has not engaged in any conduct that would cause or permit the voiding of the Agreement or the imposition of costs and damages under section 363(n) of the Bankruptcy Code.

H.    Pursuant to an agreement between Duke Secured Financing 2006, LLC ("Landlord") and the Tenant, the Landlord consents to the sale of the VLLC Interests to the Purchaser and agrees that such sale does not constitute a breach of any of the terms or conditions of the Lease (including, without limitation a breach under Article 11 thereunder).

I.    The Purchaser is not, and will not become by virtue of the Sale, a successor to the Debtor, the Debtor's business or the Debtor's estate by reason of any theory of law or equity and the Purchaser shall not assume or in any way be responsible for any liability, obligation, duty, or responsibility of the Debtor or its estate. The Purchaser is not a continuation or substantial continuation of the Debtor, its business or its estate, and there is no continuity between the Purchaser and the Debtor or its estate, business or operations. The Sale does not amount to a consolidation, merger or *de facto* merger of the Purchaser and the Debtor.

146985759.2
132140891v.4

J.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 9014.

K.      To the extent any findings of fact constitute conclusions of law, they are adopted as such.  To the extent that any conclusions of law constitute findings of fact, they are adopted as such.

IT IS HEREBY ORDERED THAT:

1.      The Sale and Bidding Procedures Motion (as it pertains to approval of the matters set forth herein) is GRANTED.  Any objections to this Approval Order that have not been previously resolved or withdrawn are overruled on the merits.  The Approval Order shall be valid, binding, and enforceable on all parties in interest and fully effective immediately upon entry.

2.      The Sale of the Purchased Assets under the Agreement to the Purchaser is APPROVED as set forth herein; provided, however, with the agreement of the parties, the Agreement is modified as follows:

      a.      the $350,000 Cash Bid component of the Purchase Price set forth in the Agreement is replaced with the following: (i) $50,000 will be payable in cash at closing of the Sale; and (ii) an amount equal to 60% of the net proceeds (after deduction for auction expenses and commissions) available following the auction of the Personal Property by the Purchaser (to occur after the closing of the Sale) with such amount not to exceed $300,000 (and the balance of auction proceeds of 40% to be retained by Purchaser); and

      b.      the Estate's allocation of 60% shall exclude the GP Equipment (as defined in the Settlement Agreement).

3.      In accordance with the terms of the Agreement, Innovation Logistics LLC is designated as the Purchaser under the Agreement.

4.      The Trustee is authorized to consummate the Sale of the Debtor's right, title, and interest in the Purchased Assets to the Purchaser, free and clear of all liens, claims, and

4

146985759.2
132140891v.4

encumbrances, pursuant to 11 U.S.C. §§ 105 and 363(b), (f), and (m), and Fed. R. Bankr. P. 6004, with any such liens, claims, interests and encumbrances attaching to the proceeds from the Sale to the same extent, validity, and priority as existed prior to the Sale; provided however that the Sale of the GP Equipment shall remain subject to any existing liens and encumbrances in favor of the AJ Group Creditors.

5.      The Purchaser shall be entitled to the protection of section 363(m) of the Bankruptcy Code if this Approval Order or any authorization contained herein is reversed or modified on appeal.

6.      The Purchaser shall not assume any liabilities of the Seller and is not, and shall not be deemed, as a result of any action taken in connection with, or as a result of the Sale, to: (i) be a legal successor (or other such similarly-situated party) to the Debtor, its business and operations or its estate by reason of any theory of law or equity; (ii) to be an affiliate of the Debtor, (iii) have, *de facto* or otherwise, merged with or into the Debtor, or (iv) be an alter ego or continuation or successor of the Debtor in any respect.

7.      Sale proceeds shall be distributed consistent with the Settlement Agreement [D.I. 93].

8.      The Sale of the Debtor's right, title, and interest in the Purchased Property to the Purchaser shall be on an "as is", on a "where is" basis, and is without recourse, representation, or warranty of any kind to or by the Trustee, whether express, implied or imposed by law.

9.      For the avoidance of doubt, nothing in this Order shall constitute a finding by the Court as to the title to and/or the extent, validity and priority of any party's interest in any equipment or other property in which Geekplus asserts an interest, including the GP Equipment (as defined in the Settlement Agreement), and the title to and/or the extent, validity, and priority

146985759.2
132140891v.4

of any such interests shall be the subject of either a further agreement between Geekplus, the AJ Group Creditors and the Purchaser (without need for a further Order of this Court) or, in the absence of such agreement, a further order of this Court entered in connection with a prospective adversary complaint seeking a determination as to the title to and/or the extent, validity, and priority of the parties' interest in the GP Equipment conveyed to the Purchaser in connection with the Sale.

10.    Notwithstanding Fed. R. Bankr. P. 6004, this Approval Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

11.    The Court shall retain jurisdiction over any matter arising from, and/or related to, this Order or the relief granted herein, including without limitation as referenced in Paragraph 10 above.

<br>

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

Dated:    June 27, 2023
Wilmington, Delaware

146985759.2
132140891v.4