# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PROJECT VERTE INC.,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 23-10101-LSS<br><br>Hearing Date: July 20, 2023 at 3:00 p.m. ET<br>Obj. Deadline: July 13, 2023 at 4:00 p.m. ET |

## MOTION FOR ENTRY OF AN ORDER
## PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AUTHORIZING
## AND APPROVING THE PAYMENT OF CERTAIN CONSULTING FEES

Alfred T. Giuliano (the "Trustee"), the Chapter 7 trustee for the estate of Project Verte Inc. (the "Debtor"), respectfully requests the entry of an order, pursuant to 11 U.S.C. §§ 105(a) and 363(b), authorizing and approving the payment of Consulting Fees (as defined herein) to Stephen Bullard and Lina Narita (collectively, the "Consultants") for postpetition services provided to the Debtor (the "Motion"). In support of the Motion, the Trustee respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 363(b).

## BACKGROUND

4. On January 26, 2023, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

146885102.1

5. On January 27, 2023, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect [D.N. 6].

6. The Debtor formerly operated as a full circle e-commerce platform that used automated fulfillment centers, proprietary software, and blockchain technology to service its customers.

7. To fund ongoing rent-related obligations and other necessary expenses, as well as to maximize the value of the estate's assets, the Trustee secured commitments for up to $1,600,000 in financing from the Debtor's prepetition lender group (the "Postpetition Financing").

8. On March 28, 2023, the Court approved the Postpetition Financing and entered the *Final Order* (A) *Authorizing the Trustee to Obtain Postpetition Financing and to Grant Superpriority Liens Pursuant to 11 U.S.C. §§ 105(A) and 364(D); and (B) Approving Settlement Agreement by and among the Chapter 7 trustee and AJ Group Creditors Pursuant to Bankruptcy Rule 9019* [D.I. 97] (the "Final Financing Order").

9. As more fully set forth in the Final Financing Order, the Postpetition Financing is to be used in accordance with the Final Approved Budget (as defined in the Interim Financing Order). Among other things, the Final Approved Budget includes a line item in the amount of $99,000.00 for consultants.

10. The Consultants were former employees of the Debtor who have provided valuable services to the Trustee. Among other things, these services include assisting with the administration of the Postpetition Financing transactions, assisting with the marketing and sale of the Debtor's assets (including meeting with potential purchasers of the Debtor's assets), compiling and providing certain of the Debtor's financial information to the Trustee, and other general

administration services unique to the Consultants' institutional knowledge as former employees of the Debtor.

11. The Consultants' total accrued fees are in the amount of $9,000 (the "Consulting Fees"), of which, $7,000 is payable to Mr. Bullord, and $1,500 is payable to Ms. Narita, as more fully detailed in the invoices attached as **Exhibit "A"** and incorporated by reference herein.[1]

12. Importantly, the amounts the Trustee seeks to pay the Consultants is consistent with, and will not exceed, the line item for such services in the Final Approved Budget. The Trustee files this Motion out of an abundance of caution.

## RELIEF REQUESTED

13. By this Motion, the Debtor seeks entry of an order, under Bankruptcy Code Sections 105(a) and 363(b), authorizing and approving payment of the Consulting Fees.

## BASIS FOR RELIEF

14. The Trustee requests authority pay the Consulting Fees to the Consultants pursuant to Section 363 of the Bankruptcy Code. Section 363(b) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may, use, sell, or lease, other than in the ordinary course of business property of the estate." 11 U.S.C. § 363(b).

15. Courts interpreting Section 363(b) have held that transactions should be approved pursuant to this provision when, as here, they are supported by the Trustee's sound business judgment. *See*, *e.g.*, *In re Culp*, 550 B.R. 683, 697 (D. Del 2015); *Meyers v. Martin* (*In re Martin*), 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bankr. v. Schipper* (*In re Schipper*), 933 F.2d 513, 515 (7th Cir. 1991)); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722

---

[1] The Consultants initially asserted a claim for $32,300.70, but the Trustee successfully negotiated a reduced amount of $9,000.

146885102.1

F.2d 1063 (2d Cir. 1983); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991) (noting that the Third Circuit has adopted the "sound business purpose" test for Section 363(b)).

16. The payment of the Consulting Fees is proper under Section 363 of the Bankruptcy Code. Courts recognize the applicability of Section 363(b) to the use of estate property to compensate individuals employed outside the ordinary course of business. *See In re First Int'l Services Corp.*, 25 B.R. 66, 69 (Bankr. D. Conn. 1982). Indeed, Delaware courts have relied upon 363(b) as the basis to employ and compensate consultants similar to the Consultants that provide advisory services in connection with a liquidation case. *See*, *e.g.*, *In re Brookstone Holdings Corp.*, 592 B.R. 27 (Bankr. D. Del 2018) and *In re Heritage Home Group LLC, et al.*, Case No. 18-11736 (KG).

17. The Trustee has determined, in the exercise of his business judgment, that the Consulting Fees appropriately reflect the nature of the services provided by the Consultants, contains reasonable terms and conditions of employment, and should be approved under Section 363 of the Bankruptcy Code.

18. Prior to the Petition Date, the Consultants were former employees of the Debtor. After the Petition Date, the Consultants provided valuable services to the Trustee including assisting with the administration of the Postpetition Financing transactions, assisting with the marketing and sale of the Debtor's assets (including meeting with potential purchasers of the Debtor's assets), compiling and providing certain of the Debtor's financial information to the Trustee, and other general administration services unique to the Consultant's institutional knowledge as former employees of the Debtor. The Consultant's familiarity with the Debtor's prepetition finances and business operations has been valuable in efficiently winding down the Debtor's estate and maximizing the return for the Debtor's creditors.

19. Accordingly, the Trustee has exercised sound business judgment, and the Motion should therefore be granted.

## **NOTICE**

20. Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel for the Debtor; (c) counsel for the Receiver; (d) counsel the Debtor's primary prepetition lenders, the AJ Group Creditors and TNJ Holdings Inc.; and (e) those persons who have requested notice pursuant to Bankruptcy Rule 2002.  The Trustee submits that no further notice is required and requests that the Court determine such notice is adequate and proper.

*[Remainder of page left intentionally blank]*

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests the entry of an order, pursuant to Sections 105(a) and 363(b), authorizing and approving (i) the Payment of the Consulting Fees to the Consultants; and (ii) for such other and further relief as is just.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: /s/ Seth A. Niederman
Seth A. Niederman, Esquire
Delaware Bar No. 4588
919 North Market Street, Suite 300
P.O. Box 2323
Wilmington, DE 19899-2323
Phone (302) 654-7444/Fax (302) 656-8920
sniederman@foxrothschild.com

-and-

Michael G. Menkowitz, Esquire
Jesse M. Harris, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA  19103-3222
Phone (215) 299-2000/Fax (215) 299-2150
mmenkowitz@foxrothschild.com
jesseharris@foxrothschild.com

Dated: June 29, 2023

*Proposed Counsel for Alfred T. Giuliano, Chapter 7 Trustee for the estate of Project Verte Inc.*

146885102.1