IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PROJECT VERTE INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-10101-LSS<br><br>Hearing: August 24, 2023 at 9:45 a.m. ET<br>Obj. Deadline August 17, 2023 at 4:00 p.m. ET |

CHAPTER 7 TRUSTEE'S MOTION FOR AN
ORDER APPROVING SETTLEMENT AGREEMENT BY AND BETWEEN
THE CHAPTER 7 TRUSTEE AND ZUCHAER & ZUCHAER CONSULTING LLC

Alfred T. Giuliano, the Chapter 7 Trustee for the estates of Project Verte Inc. (the "Debtor"), through his counsel, Fox Rothschild LLP, respectfully requests the entry of an order approving the Settlement Agreement and Mutual Release (the "Agreement")[1] by and between the Trustee and Zuchaer & Zuchaer Consulting LLC ("Z&Z LLC") pursuant to Fed. R. Bankr. P. 9019 (the "Motion").[2]  In support of the Motion, the Trustee respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicate for the relief sought herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to such term in the Agreement.
[2] A copy of the Agreement is attached hereto as **Exhibit "A"** and incorporated by reference herein.

**BACKGROUND**

A.   **Bankruptcy Procedural Background**

4.   On January 26, 2023 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

5.   On January 27, 2023, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect.

6.   Prior to the Petition Date, on October 19, 2020, Z&Z LLC commenced a lawsuit against Debtor in the United States District Court for the Southern District of New York (the "District Court"), by filing a "Complaint" captioned *Zuchaer & Zuchaer Consulting LLC v. Project Verte, Inc.*, 20-cv-8703 (the "Lawsuit"). In its Complaint, Z&Z LLC asserted a claim for breach of a Promissory Note dated August 17, 2018 in the principal amount of $4,000,000 (the "Promissory Note") given by Debtor as consideration for the transfer of Z&Z LLC's membership interest in Flowerdale LLC ("Flowerdale") to Debtor pursuant an Assignment of Membership Interests in Flowerdale, LLC dated August 14, 2018 (the "Flowerdale Assignment").

7.   Flowerdale is a single purpose entity and is the fee owner of the land in Dallas, Texas, commonly known by the approximate addresses 3200 Stag Rd - Tract B and 3450 E. Ledbetter Dr. - Tract 2, both in Dallas, Texas (collectively, the "Property").

8.   Prior to the Petition Date, Debtor answered the Complaint, denying Z&Z LLC's claim for breach of the Promissory Note and asserting counterclaims against Z&Z LLC (the "Answer and Counterclaims"). In its Answer, Debtor alleged that the Flowerdale Assignment, which served as the consideration for the Promissory Note, was premised on Z&Z LLC's

materially false representations as to its ownership of the Property and its power and authority to transfer the Flowerdale interests.

9. Z&Z LLC denied the claims set forth Debtor's Answer and Counterclaims.

**B.    Negotiation of the Agreement Between the Parties**

10. The Parties have conducted arms-length negotiations to resolve the dispute. From the inception of the Debtor's Chapter 7 Case, these negotiations involved numerous discussions over both factual and legal questions underlying the dispute, which resulted in meaningful progress towards a resolution.

11. The Parties now seek to enter the Agreement to settle, discontinue and end, with prejudice, all claims and disputes between the Parties concerning the Promissory Note, Flowerdale Assignment, and the Property. A copy of the Agreement is attached hereto as **Exhibit "A"** and incorporated by reference herein.

**C.    Salient Provisions of the Agreement**

12. A summary of the pertinent terms of the Agreement are as follows:[3]

  a. **Effective Date**. Except as set forth in Paragraph 4 of the Agreement, the effective date (the "Effective Date") of this Agreement shall be the first business day (1) after the Bankruptcy Court has entered a final order approving the Agreement pursuant to Rule 9019 of the Federal Rules of bankruptcy Procedure.[4]

  b. **Promissory Note and Flowerdale Assignment.** Z&Z LLC and Debtor declare that the Promissory Note and Flowerdale Assignment are deemed null and void, void ab initio, and of no legal force or effect. As of the Effective Date, the 100% membership interests in Flowerdale are deemed returned to Z&Z LLC as if it was never transferred.

---

[3] To the extent there is any inconsistency between the summary of settlement terms herein and the settlement language contained in the Agreement attached hereto as **Exhibit "A"**, the terms in the Agreement control.

[4] Occurrence of the Effective Date is also conditioned on the Court's entry of the *Final Order (A) Authorizing the Trustee to Obtain Post-petition Financing and to grant Super-priority Liens Pursuant to 11 U.S.C. §§ 105(A) and 364(D) and (B) Approving Settlement Agreement by and Among the Chapter 7 Trustee and AJ Group Creditors Pursuant to Bankruptcy Rule 9019*, which occurred on March 28, 2023 [D.I. 97].

147281536.3

c. **Allowance of General Unsecured Claim.** The Parties agree that Z&Z LLC shall be entitled to an allowed general unsecured claim in the amount of $50,000.00. Within five (5) business days of the Effective Date, Z&Z LLC shall file a claim that accurately reflects the terms of this Agreement.

d. **Stipulation of discontinuance with Prejudice.** Along with the execution copies of this Agreement, the Parties' counsel shall deliver executed copies of the Stipulation of Discontinuance with Prejudice attached to the Agreement as Exhibit "A", which shall dismiss the claim asserted by Z&Z LLC against Debtor, and the remaining counterclaims asserted by Debtor solely as against Z&Z LLC. Promptly after the Effective Date, Z&Z LLC shall file the Stipulation of Discontinuance with Prejudice in the District Court.

e. **Mutual Releases.**

(i) *Z&Z LLC's Release of Chapter 7 Trustee and Debtor.* Upon the Effective Date, Z&Z LLC, for itself, and any present and former affiliated and related members, individuals, entities, predecessors, successors, assigns and insurers, and each of their present and former members, general and limited partners, managers, officers, directors, employees, representatives, agents, attorneys, assigns, and their respective executors, trustees, administrators, representatives and insurers does hereby RELEASE, REMISE AND FOREVER DISCHARGE the Trustee, the estate of Debtor, and all of the Trustee's representatives, agents, attorneys, assigns and their respective executors, trustees, administrators, representatives and insurers and all of Debtor's shareholders, officers, directors, employees, representatives, agents, attorneys, and assigns ("Debtor Releasees") of and from any and all causes of action, claims, demands, damages, attorneys' fees, expenses, fines, penalties, injunctive or equitable relief, injuries, losses, liabilities and/or complaints of whatsoever kind or nature, including without limitation, all claims or joinders for sole liability, contribution, indemnity or otherwise, whether known or not known, suspected or unsuspected, or whether asserted or could have been asserted, arising from, as a result of, or in any way connected with and/or on account of, the Promissory Note, Flowerdale Assignment, the property on the Survey attached to the Flowerdale Assignment, and the events relating to the Lawsuit, other than the obligations set forth in this Agreement ("Z&Z LLC's Released Claims").

(ii) *Debtor's Release of Z&Z LLC.* The Trustee, on behalf of the estate of Debtor, for itself, and any present and former affiliated and related individuals, predecessors, successors, assigns, and each of their present and former members, shareholders, general and limited

4

partners, managers, officers, directors, employees, representatives, agents, attorneys, assigns, and their respective executors, trustees, administrators, and representatives does hereby RELEASE, REMISE AND FOREVER DISCHARGE Z&Z LLC, all of Z&Z LLC's former and present members, officers, directors, insurers, successors by interest, successors by merger, parents, predecessors, subsidiaries, affiliates, managers, and employees, and all of Z&Z LLC's representatives, agents, attorneys, assigns and their respective executors, trustees, administrators, representatives and insurers ("Z&Z LLC Releasees") from any and all causes of action, claims, demands, damages, attorneys' fees, expenses, fines, penalties, injunctive or equitable relief, injuries, losses, liabilities and/or complaints of whatsoever kind or nature, including without limitation specifically all claims or joinders for sole liability, contribution, indemnity or otherwise, whether known or not known, suspected or unsuspected, or whether asserted or could have been asserted arising from, as a result of, or in any way connected with and/or on account, of the Promissory Note, Flowerdale Assignment, the property on the Survey attached to the Flowerdale Assignment, and the events relating to the Lawsuit, other than obligations set forth in this Agreement ("Z&Z LLC's Released Claims").

## RELIEF REQUESTED

13. By and through this Motion, the Trustee seeks entry of an Order authorizing and approving the Agreement pursuant to Bankruptcy Rule 9019.

## BASIS FOR RELIEF REQUESTED

14. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor. . . and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a); see also Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996).

15. The Trustee is obligated to maximize the value of the estate and make her decisions in the best interests of all creditors. See Martin, 91 F.3d at 394. Indeed, courts generally defer to a trustee's business judgment when there is a legitimate business justification for a trustee's decision. See Martin, 91 F.3d at 395.

5

147281536.3

16. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Id. at 393. To this end, courts should consider four factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." Id. (citation omitted).

17. This Court should approve the Agreement because it is supported by sound business justifications, the terms of the Agreement are more than reasonable, and the four (4) Martin factors weigh in favor of approval.

18. First, for the Trustee to prevail in the Lawsuit, he would have to successfully prosecute Debtor's counterclaims for fraud and breach of contract against Z&Z LLC. Although the Trustee believes the Debtor's position has merit, proceeding to trial comes with the inherent risk that the court will not rule in the Trustee's favor. In light of this risk, the Agreement's proposal to resolve the Lawsuit by declaring the Promissory Note and Flowerdale Assignment null ad void ab initio is in the best interest of the Debtor's estate.

19. Second, even if the Trustee were to prevail in the Lawsuit, monetizing any resulting interest in the Flowerdale Property could prove challenging given the unclear ownership structure and the absence of meaningful assets owned by Z&Z LLC. Accordingly, the costs of litigation and collection efforts could outweigh any recovery.

20. Third, defending Z&Z LLC's claims to conclusion and prosecuting Debtor's counterclaims would require, among other things, discovery, testimony, and briefing. In light of these significant costs and risks associated with litigation, the Trustee submits, in the exercise of

147281536.3

his business judgment, that the Agreement proposed herein is reasonable and will maximize the benefit to the estate with the least cost.

21. In other words, the Agreement represents the most realistic and cost-efficient way of resolving the Lawsuit in a manner that maximizes the recovery for the Debtors' creditors. The paramount interests of the creditors therefore favors approval of the Agreement.

## **NOTICE**

Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel for the Debtor; (c) counsel for Z&Z LLC; (d) all parties who have filed timely proofs of claim; and (e) all parties requesting notice in this proceeding pursuant to Bankruptcy Rule 2002. The Trustee submits that such notice is sufficient, and that no other or further notice is necessary or required. The Trustee requests that the Court find that such notice is adequate and proper.

*[Remainder of page left intentionally blank]*

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that this Court enter an Order authorizing and approving the Agreement pursuant to Bankruptcy Rule 9019 and granting such other and further relief as the Court deems appropriate.

                Respectfully submitted,

                **FOX ROTHSCHILD LLP**

                By: */s/ Seth A. Niederman*
                Seth A. Niederman, Esquire
                Delaware Bar No. 4588
                919 North Market Street, Suite 300
                P.O. Box 2323
                Wilmington, DE 19899-2323
                Phone (302) 654-7444/Fax (302) 656-8920
                sniederman@foxrothschild.com

                        -and-

                Michael G. Menkowitz, Esquire
                Jesse M. Harris, Esquire
                2000 Market Street, 20th Floor
                Philadelphia, PA  19103-3222
                Phone (215) 299-2000/Fax (215) 299-2150
                mmenkowitz@foxrothschild.com
                jesseharris@foxrothschild.com

Dated: August 4, 2023        *Counsel for Alfred T. Giuliano,*
                *Chapter 7 Trustee for the estate of Project Verte*
                *Inc.*

147281536.3