**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>PROJECT VERTE INC.,<br><br>                              Debtor. | Chapter 7<br><br>Case No. 23-10101 (LSS)<br><br>**Re: D.I. 141** |

**AJ GROUP CREDITORS' OBJECTION TO CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER APPROVING SETTLEMENT AGREEMENT BY AND BETWEEN THE CHAPTER 7 TRUSTEE AND ZUCHAER & ZUCHAER CONSULTING LLC**

AC Group Holdings LLC, Chaluts Trust, JGFT LLC, JG Group Holdings LLC, and PGFT LLC (collectively, "**AJ Group Creditors**"), in their capacity as prepetition lenders to Project Verte Inc. ("**Debtor**"), hereby interpose this objection ("**Objection**") to the motion [D.I. 141] ("**Motion**") filed by Alfred T. Giuliano, in his capacity as chapter 7 trustee ("**Trustee**"), seeking entry of an order approving the settlement agreement ("**Z&Z Settlement Agreement**") by and between the Trustee and Zuchaer & Zuchaer Consulting LLC pursuant to Fed. R. Bankr. P. 9019. The AJ Group Creditors state as follows.

**PRELIMINARY STATEMENT[1]**

1.  By the Motion, the Trustee asks this Court to (a) improperly strip the AJ Group Creditors' liens on Debtor's 100% membership interests in Flowerdale LLC ("**FLLC Interests**") pursuant to Fed. R. Bankr. P. 9019 without providing the secured creditors with adequate protection of that interest and (b) approve a transaction for the FLLC Interests that on information and belief is less than value-maximizing for the estate. More specifically, the Trustee seeks approval of the Z&Z Settlement Agreement to effectuate, among other things, the following: a

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed such terms in the Motion.

1

declaration deeming the Promissory Note and Flowerdale Assignment, respectively, null and void *ab initio*; a "return" of the FLLC Interests to Z&Z Consulting as if such interests had never been transferred to Debtor (and stripped of the secured creditors' liens); the liquidation and allowance of Z&Z Consulting's previously unliquidated claim against the estate in the amount of $50,000; and dismissal with prejudice of the pending Lawsuit.

2. The AJ Group Creditors object to the Motion because (a) Bankruptcy Rule 9019 is not a permissible mechanism to transfer assets free and clear of a secured creditor's liens or to challenge the validity, priority, and/or extent of a lien or other interest in the FLLC Interests (especially when the Trustee has previously acknowledged such lien in the Final Financing and Settlement Order (as defined below)) and (b) the AJ Creditors on information and belief assert that their minimum $100,000 cash bid to be made at an auction contemplated by the Final Financing and Settlement Order would provide more net value to the estate than the Z&Z Settlement Agreement. Accordingly, the AJ Group Creditors requests the Court delay any hearing on the Motion until after an auction of the Debtor's FLLC Interests is conducted and concluded or, failing such, deny the Motion.

## ADDITIONAL RELEVANT BACKGROUND FACTS

3. On March 28, 2023, this Court entered the *Final Order (A) Authorizing the Trustee to Obtain Post-Petition Financing and To Grant Superpriority Liens Pursuant to 11 U.S.C. §§ 105(a) and 364(d) and (B) Approving Settlement Agreement By and Among the Chapter 7 Trustee and AJ Group Creditors Pursuant to Bankruptcy Rule 9019* ("**Final Financing and Settlement Order**").

4. The Final Financing and Settlement Order evidences the Trustee's acknowledgement and stipulation that prior to the Petition Date, the AJ Group Creditors had valid,

binding, enforceable and fully-perfected blanket liens on and 547 Defense Claims against, among other things, general intangibles such as the FLLC Interests. [Final Financing and Settlement Order (Settlement Agreement, ¶ 3(a)(ii))]. The Final Financing and Settlement Order contemplates an auction for the FLLC Interests, including protections for third-parties asserting an interest in the FLLC Interests in connection with such a process:

> The Trustee agrees that in connection with any auction sale of the FLLC Interests…the bid procedures and credit bid provisions of this Section 6 shall apply to the exercise of any remaining TB Credit Bid Rights; *provided however* that the minimum cash portion of the bid shall be no less than $100,000…Any parties claiming an interest in the FLLC Interests and/or the real property owned by such entity in the State of Texas are deemed to have preserved all of their objections and defenses arising in connection with any proposed future sale of the FLLC Interests and the approval of this Settlement Agreement shall not constitute a waiver of any objections or defenses.

[Final Financing and Settlement Order (Settlement Agreement, ¶ 6(c)]

## **OBJECTION**

5.     The Trustee cannot "return" the FLLC Interests to Z&Z Consulting free and clear of the AJ Group Creditors' liens pursuant to a Bankruptcy Rule 9019 motion. To achieve the relief requested by the Motion, including the transfer of the FLLC Interests to Z&Z Consulting free and clear of the AJ Group Creditors' liens and claims, the Trustee must first seek a transfer pursuant to Bankruptcy Code Section 363(f) or commence an adversary proceeding pursuant to Bankruptcy Rule 7001.

6.     Bankruptcy Code section 363(f) allows a debtor to sell property of the estate free and clear of liens, claims, and encumbrances of an entity if that entity "could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." 11 U.S.C. § 363(f)(5); *In re Ferris Properties*, No. 14-10491 (MFW) (Bankr. D. Del. July 30, 2015). Because the Motion does not purport to transfer the FLLC Interests to Z&Z Consulting free and clear of

3

the AJ Group Creditors' liens pursuant to section 363(f), the Trustee cannot use Bankruptcy Rule 9019 to make such transfer.  For the avoidance of doubt, the AJ Group Creditors to not consent to the proposed transfer.

7.    Moreover, the Trustee must commence an adversary proceeding in order to strip the AJ Group Creditors' liens and claims against the FLLC Interests pursuant to Bankruptcy Rule 7001, which provides there must be "a proceeding to determine the validity, priority, or extent of a lien or other interest in property." Fed. R. Bankr. P. 7001(2).  Here, that ship has sailed as the Trustee has already investigated and agreed to the 547 Defense Claims, together with the extent of such claim's validity and priority as constituting a perfected lien on the FLLC Interests.  The effect of the Final Financing Order and Settlement cannot be undone or collaterally attacked by the Motion (and pursuant to Bankruptcy Rule 9019).  For the foregoing reasons, the relief requested by the Motion must be denied.

8.    Separately, the AJ Group Creditors maintain that the estate can achieve greater value in connection with a transfer of the FLLC Interests than the value resulting from a granting of the requested relief proposed by the Motion.  Consistent with the Final Financing and Settlement Order, the Trustee and the AJ Group Creditors contemplated an auction for the FLLC Interest at the commencement of the case.  Further, the AJ Group Creditors assert that the successful bid at auction (at or in excess of the current $100,000 "floor" set by the AJ Group Creditors) is the most value-maximizing transaction in respect of the FLLC Interests.  The $100,000 would become part of the "Estate Share" (as defined under the Final Financing and Settlement Order), which is not subject to the AJ Group Creditors' recovery, thereby increasing recovery for all non-AJ Group Creditors. In addition, on information and belief, the no less than $100,000 in proceeds from an auction will result in a dividend to creditors that should exceed the dividend to creditors received

if the Z&Z Claim is allowed in its reduced amount of $50,000. If the auction results in multiple bidders, there will be incrementally more value for the estate's creditors. For these reasons, this Court should delay any hearing on the Motion until an auction and sale of the FLLC Interests can be implemented for the benefit of the estate.

## RESERVATION OF RIGHTS

9. The AJ Group Creditors reserve the right to amend or supplement this Objection at or prior to a hearing on the Motion. The AJ Group Creditors retain all rights, claims, defenses and arguments as to the estate and all third parties.

**WHEREFORE**, the AJ Group Creditors respectfully requests this Court delay the hearing on the Motion until an auction process can be implement or, failing such, deny the Motion and grant such additional relief as this Court deems proper, necessary, and just.

Dated: August 14, 2023  
Wilmington, Delaware

**BLANK ROME LLP**

 */s/ Stanley B. Tarr*  
Stanley B. Tarr (DE No. 5535)  
1201 Market Street, Suite 800  
Wilmington, Delaware 19801  
Telephone:   (302) 425-6400  
Facsimile:   (302) 425-6464  
E-mail:      Stanley.Tarr@BlankRome.com

-and-

Joel C. Shapiro, Esq.  
**BLANK ROME LLP**  
One Logan Square  
130 North 18th Street  
Philadelphia, PA 19103  
Telephone: (215) 569-5500  
Facsimile: (215) 569-5555  
Email: joel.shapiro@blankrome.com

*Counsel to the AJ Group Lenders*