## **<u>Exhibit 1</u>**

Settlement and Release Agreement

153306916.11

133999242

## SETTLEMENT AND RELEASE AGREEMENT

**WHEREAS**, on January 26, 2023 (the "Petition Date"), Project Verte, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

**WHEREAS**, on January 27, 2023, the Office of the United States Trustee appointed Alfred T. Giuliano as the chapter 7 trustee (the "Trustee") for the estate of Project Verte Inc.;

**WHEREAS**, prior to the Petition Date, on October 19, 2020, Zuchaer & Zuchaer Consulting LLC ("Zuchaer") commenced an action (the "Lawsuit") against the Debtor in the United States District Court for the Southern District of New York (the "District Court"), styled as *Zuchaer & Zuchaer Consulting LLC v. Project Verte, Inc.*, 20-cv-8703-VM-JLC;

**WHEREAS**, in the Lawsuit, Zuchaer asserted a claim for breach of that certain *Promissory Note*, dated August 17, 2018 in the principal amount of $4,000,000 (the "Promissory Note"), given by the Debtor as consideration for the transfer of Zuchaer's membership interest in Flowerdale LLC ("Flowerdale") to the Debtor pursuant that certain *Assignment of Membership Interests in Flowerdale, LLC* dated August 14, 2018 (the "Flowerdale Assignment");

**WHEREAS**, Flowerdale is a single purpose entity and is the fee owner of the land in Dallas, Texas, referenced as Tract 1 and 2 on the survey attached to the Flowerdale Assignment (collectively, the "Property");

**WHEREAS**, prior to the Petition Date, Debtor answered the Complaint in the Lawsuit, denying Zuchaer's claim for breach of the Promissory Note and asserting counterclaims against Zuchaer (the "Answer and Counterclaims");

**WHEREAS**, in its Answer and Counterclaims, the Debtor alleged that the Flowerdale Assignment, which served as the consideration for the Promissory Note, was premised on Zuchaer's materially false representations as to its ownership of the Property and its power and authority to transfer the Flowerdale interests;

**WHEREAS**, Zuchaer has denied the claims set forth in the Debtor's Answer and Counterclaims;

**WHEREAS**, on March 28, 2023, this Court entered the *Final Order (A) Authorizing the Trustee to Obtain Post-Petition Financing and To Grant Superpriority Liens Pursuant to 11 U.S.C. §§ 105(a) and 364(d) and (B) Approving Settlement Agreement By and Among the Chapter 7 Trustee and AJ Group Creditors Pursuant to Bankruptcy Rule 9019* [D.I. 97] ("Final Financing and Settlement Order");

**WHEREAS**, the Final Financing and Settlement Order evidences the Trustee's acknowledgement and stipulation that prior to the Petition Date, the AJ Group Creditors had valid, binding, enforceable and fully-perfected blanket liens on, and 547 Defense Claims (as defined therein) against, among other things, general intangibles such as the Flowerdale membership interests (the "FLLC Interests");

**WHEREAS**, the Final Financing and Settlement Order contemplates an auction for the FLLC Interests, including protections for third-parties asserting an interest in the FLLC Interests in connection with such a process;

**WHEREAS**, on August 4, 2023, the Debtor filed the *Chapter 7 Trustee's Motion for An Order Approving Settlement Agreement By and Between the Chapter 7 Trustee and Zuchaer & Zuchaer Consulting LLC* [D.I. 141] (the "Motion");

**WHEREAS**, on August 14, 2023, the AJ Group Creditors filed their objection to the Motion (the "Objection") arguing, among other things, that the Motion improperly sought to strip the AJ Group Creditors' liens on the Debtor's FLLC Interests without providing the secured creditors with adequate protection of their interest therein; and

**WHEREAS**, subject to the terms of this Agreement, the Trustee, the AJ Group Creditors, and Zuchaer (collectively, the "Parties" and each, a "Party") desire to settle, discontinue and end, with prejudice, all claims and disputes between the Parties concerning the Promissory Note, the Flowerdale Assignment, and the Property.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1.      This Agreement shall be in full force and effect (the "Effective Date") the first business day after entry by this Court of an order approving this Agreement pursuant to Bankruptcy Rule 9019.

2.      Within three (3) days of the Effective Date (the "Payment Date"), Zuchaer shall pay to the Trustee $40,000.00 in immediately available funds.

3.      On the Payment Date, Zuchaer shall also pay to the AJ Group Creditors $225,000.00 in immediately available funds.

4.      Upon the occurrence of the Effective Date and the Payment Date with the amounts set forth in Paragraphs 2 and 3 having been paid in full (the "Settlement and Release Date"), the Promissory Note and the Flowerdale Assignment shall be deemed null and *void ab initio* and of no legal force or effect and the FLLC Interests shall be deemed returned to Zuchaer as if such interests were never transferred.

5.      Promptly after the Settlement and Release Date, the Parties shall execute and file the Stipulation of Dismissal attached hereto as **Exhibit A** in the District Court, along with execution copies of this Agreement, which shall dismiss with prejudice the claim asserted by Zuchaer against the Debtor and the remaining counterclaims asserted by the Debtor, solely as against Zuchaer; provided that, if the other signatories to the Stipulation of Dismissal fail to execute the Stipulation of Dismissal, the Trustee and Zuchaer agree to cooperate in separately filing a motion seeking the dismissals set forth therein.

2

6.      Settlement Releases

a.      *Debtor's Release.* Upon the occurrence of the Settlement and Release Date, the Trustee, on behalf of himself, the Debtor, its estate, and all of its creditors shall be deemed to have fully released, remised and forever discharged Zuchaer, each of the AJ Group Creditors, and all of their respective officers, directors, managers, shareholders, employees, subsidiaries, affiliates, successors, and assigns (the "Non-Debtor Releasees") of and from any and all claims, demands, obligations, suits, judgments, damages, losses, rights, remedies, charges, costs, debts and causes of action whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising at law or in equity under any theory of law or statute, based in whole or in part upon any act, omission, transaction, event or other occurrence taking place from the beginning of the world through the Settlement and Release Date (the "Release Period"), which may relate to the execution of this Agreement, the Debtor, the Lawsuit, the Promissory Note, Flowerdale, the FLLC Interests, the Flowerdale Assignment, the Property, or the business operations of the Debtor and its subsidiaries and affiliates, except as set forth below in Paragraph 8. For the avoidance of doubt, this release shall not extend to any claim for breach of the terms of this Agreement or affect each Party's and the estate's obligation to perform under this Agreement.

b.      *Non-Debtor Release.* Upon the occurrence of the Settlement and Release Date, the Non-Debtor Releasees, shall be deemed to have fully released, remised and forever discharged the Trustee, the Debtor, its estate, and all of its respective officers, directors, managers, shareholders, employees, subsidiaries, affiliates, successors, and assigns (the "Debtor Releasees") of and from any and all claims, demands, obligations, suits, judgments, damages, losses, rights, remedies, charges, costs, debts and causes of action whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising at law or in equity under any theory of law or statute, based in whole or in part upon any act, omission, transaction, event or other occurrence taking place during the Release Period, which may relate to the execution of this Agreement, the Lawsuit, the Promissory Note, Flowerdale, the FLLC Interests, the Flowerdale Assignment, the Property, or the business operations of the Debtor and its subsidiaries and affiliates, except as set forth below in Paragraph 8. For the avoidance of doubt, this release shall not extend to any claim for breach of the terms of this Agreement or affect each Party's and the estate's obligation to perform under this Agreement.

7.      The Parties each shall bear their own costs, expenses, and attorneys' fees for the negotiations and drafting of this Agreement and the Parties shall bear their own respective tax consequences of this Agreement.

8.      The Parties confirm that the execution of this Agreement shall not effect, impair, release, or constitute a waiver of any Parties' (including the Debtor's estate, and each Party's shareholders, officers, directors, and lenders) rights and claims against Jossef Kahlon, Julian Kahlon, TNJ Holdings Inc., Graham Fortgang, and their successors and assigns, which were asserted or could have been asserted in the Lawsuit or that have or may be asserted in any other proceeding. For the avoidance of doubt, the releases set forth above in Paragraph 6 shall not impair

153306916.11

133999242

or affect the obligations, agreements, claims and releases of the AJ Group Creditors under the Final Financing and Settlement Order.

9.     Within three (3) days of the Effective Date, Zuchaer shall withdraw any and all proof(s) of claim filed in the Debtor's bankruptcy case on behalf of itself or any affiliates.

10.     This Agreement shall be construed and enforced pursuant to the laws of the State of New York without regard to its conflict-of-laws principles.

11.     This Agreement may be signed in counterparts, with each counterpart constituting an original, and with all counterparts constituting a single contract when taken together. Delivery by email of counterpart signatures in .pdf format shall be as effective as delivery of the original, manually signed and initialed counterpart of this Agreement.

12.     The Parties each have consulted legal counsel regarding this Agreement, participated in this Agreement's drafting through their representatives, and understand this Agreement's terms.

13.     This Agreement has been reviewed and is being signed by a duly authorized representative of each of the Parties.

14.     This Agreement shall apply to and be binding on or inure to the Parties' administrators, executors, legal representatives, heirs, assignees, successors, agents and assigns.

15.     This Agreement constitutes the Parties' entire agreement concerning the subject matter herein.

16.     This Agreement may be amended or modified only by a writing that is signed by authorized persons for each of the Parties. No express or implied amendments, modifications, waivers, discharges or terminations of this Agreement, or express or implied promises, agreements or courses of conduct made or undertaken after this Agreement is signed, are binding or enforceable unless made in writing and signed by authorized persons for each of the Parties.

[SIGNATURE PAGE TO FOLLOW]

4

IN WITNESS WHEREOF, the Parties intending to be legally bound, have signed and executed this Settlement Agreement and Release as of December [___], 2023.

ALFRED T. GIULIANO, solely in his capacity as Chapter 7 Trustee for the estate of Project Verte Inc.
By:
Title:

ZUCHAER & ZUCHAER CONSULTING LLC
By:
Title:

AC GROUP HOLDINGS LLC
By:
Title:

CHALUTS TRUST
By:
Title: Authorized Signatory

JG GROUP HOLDINGS LLC
By:
Title: Manager

JGFT LLC
By:
Title: Manager

PGFT LLC
By:
Title: Manager

5

**Exhibit A**

Stipulation of Dismissal

153306916.1

133999242

[CAPTION]

## **STIPULATION OF DISMISSAL**

To The Honorable Victor Marrero, United States District Judge:

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and Fed. R. Bankr. P. 7041, and in accordance with the terms of that certain court-approved Settlement and Release Agreement, the parties to this action hereby stipulate that in this action: on the one hand, (i) Zuchaer & Zuchaer Consulting LLC and Moshe Zuchaer's (together, "Zuchaer") claims against Project Verte Inc. ("Debtor") and (ii) Debtor's counterclaims against Zuchaer shall be dismissed with prejudice; and, on the other hand, (iii) Debtor's counterclaims against Jossef Kahlon ("Kahlon") and TNJ Holdings, Inc. ("TNJ") and (iv) Kahlon and TNJ's counterclaims against Debtor shall be dismissed without prejudice, all such dismissals without costs, and with the parties waiving all rights of appeal. For the avoidance of doubt, this Stipulation of Dismissal shall in no way be construed as a waiver or release of any other claims or causes of action held by the Debtor's Chapter 7 estate against any of the parties to this action.

7

Dated: January [___], 2024

Respectfully submitted,

Alfred T. Giuliano, in his capacity as chapter
7 trustee for the estate of Project Verte Inc.
By his counsel:

Jossef Kahlon
By his counsel:

_____
Leonard F. Lesser
SIMON LESSER P.C.
355 Lexington Avenue
10th Floor
New York, NY 10170
Tel: (212) 599-5455
Email: llesser@simonlesser.com

_____
Daniel L. Abrams
LAW OFFICE OF DANIEL L. ABRAMS,
PLLC
2 Penn Plaza
Suite 1910
New York, NY 10005
Dan@LawyerQuality.com

Zuchaer & Zuchaer Consulting, LLC
By counsel:

TNJ Holdings, Inc.
By counsel:

_____
Rachelle Rosenberg
ROSENBERG & STEINMETZ PC
181 S Franklin Avenue, Ste 103
Valley Stream, NY 11581
Tel: (212) 743-9916
Email: rrosenberg@rspclawyers.com

_____
Daniel L. Abrams
LAW OFFICE OF DANIEL L. ABRAMS,
PLLC
2 Penn Plaza
Suite 1910
New York, NY 10005
Dan@LawyerQuality.com

Moshe Zuchaer
By his counsel:

_____
Rachelle Rosenberg
ROSENBERG & STEINMETZ PC
181 S Franklin Avenue, Ste 103
Valley Stream, NY 11581
Tel: (212) 743-9916
Email: rrosenberg@rspclawyers.com

153306916.11

133999242