# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PROJECT VERTE INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-10101 (LSS)<br><br>Re: D.I. 97 |

### CERTIFICATION OF COUNSEL FOR ORDER APPROVING STIPULATION CLARIFYING CHAPTER 7 TRUSTEE'S AUTHORITY TO DISTRIBUTE SETTLEMENT PROCEEDS TO AJ GROUP CREDITORS OR DESIGNEE

The undersigned hereby certifies as follows:

1. On January 26, 2023 ("Petition Date"), Project Verte Inc. ("PVI" or "Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court").

2. On January 27, 2023, the Office of the United States Trustee appointed Alfred T. Giuliano as the chapter 7 trustee ("Trustee") for the estate of Project Verte Inc.

3. On March 28, 2023, the Bankruptcy Court entered the *Final Order (A) Authorizing the Trustee to Obtain Post-Petition Financing and To Grant Superpriority Liens Pursuant to 11 U.S.C. §§ 105(a) and 364(d) and (B) Approving Settlement Agreement By and Among the Chapter 7 Trustee and AJ Group Creditors Pursuant to Bankruptcy Rule 9019* [D.I. 97] ("Final Financing and Settlement Order").

4. Pursuant to the *Settlement Agreement* attached as Exhibit "1" to the Final Financing and Settlement Order, among other things, the Trustee and the AJ Group Creditors (as defined therein) agreed that the proceeds arising from liquidation of certain Collateral of the AJ Group Creditors, including but not limited to any accounts receivable, refunds, dividends made by Verte GA to the Debtor, GP Equipment, FLLC Interests, VLLC Interests, sale of the lease where Verte

GA is the tenant (if requested by any buyer in lieu of the sale of the VLLC Interests) or causes of action (but excluding all Chapter 5 recoveries and commercial tort claims) should be split 75/25 ("Sharing Arrangement"), with the estate retaining 25% (and the amounts retained by the estate shall be utilized in the calculation of the Estate Share) and the AJ Group Creditors retaining 75% ("Settlement Proceeds").

5.  In lieu of express language in the Final Financing and Settlement Order authorizing the Trustee to distribute Settlement Proceeds to the AJ Group Creditors or their designee(s) in conformity with the Sharing Arrangement, and the parties having agreed the Sharing Arrangement applies to certain funds held in PVI's Flagstar Bank accounts since the Petition Date, which funds, upon information and belief, were earmarked for payment of PVI's payroll processor, the parties now seek an Order from the Bankruptcy Court making express such authority for the Trustee to distribute Settlement Proceeds to the AJ Group Creditors or their designee(s).

6.  Accordingly, the Trustee and the AJ Group Creditors have agreed to enter into that certain *Stipulation* clarifying the Trustee's authority to distribute Settlement Proceeds to AJ Group Creditors or their designee(s) (the "Stipulation") attached as Exhibit 1 to the proposed order attached hereto as **Exhibit A** (the "Proposed Order").

WHEREFORE, the parties respectfully requests that the Bankruptcy Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, at the earliest convenience of the Bankruptcy Court.

Dated: January 29, 2024              **BLANK ROME LLP**

/s/ *Stanley B. Tarr*
Stanley B. Tarr (DE No. 5535)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: 302.425.6400
Email: Stanley.Tarr@blankrome.com

-and-

Joel C. Shapiro, Esq.
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
Telephone: (215) 569-5500
Facsimile: (215) 569-5555
Email: joel.shapiro@blankrome.com

*Counsel to the AJ Group Lenders*