# EXHIBIT 1

**STIPULATION**

**STIPULATION**

Alfred T. Giuliano, solely in his capacity as the Chapter 7 Trustee ("Trustee") for the estate of Project Verte Inc. ("Debtor" or "PVI"), and AC Group Holdings LLC, Chaluts Trust, JG Group Holdings LLC, JGFT LLC, and PGFT LLC (collectively, "AJ Group Creditors," and together with Trustee, the "Parties"), by and through counsel, hereby stipulate and agree (the "Stipulation") as follows:

**RECITALS**

1. On January 26, 2023 ("Petition Date"), PVI filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court").

2. On January 27, 2023, the Office of the United States Trustee appointed Alfred T. Giuliano as the Trustee for the Debtor's estate.

3. On March 28, 2023, the Bankruptcy Court entered the *Final Order (A) Authorizing the Trustee to Obtain Post-Petition Financing and To Grant Superpriority Liens Pursuant to 11 U.S.C. §§ 105(a) and 364(d) and (B) Approving Settlement Agreement By and Among the Chapter 7 Trustee and AJ Group Creditors Pursuant to Bankruptcy Rule 9019* [D.I. 97] ("Final Financing and Settlement Order").

4. Pursuant to the *Settlement Agreement* attached as Exhibit "1" to the Final Financing and Settlement Order, among other things, the Trustee and the AJ Group Creditors agreed that the proceeds arising from liquidation of certain Collateral of the AJ Group Creditors, including but not limited to any accounts receivable, refunds, dividends made by Verte GA to the Debtor, GP Equipment, FLLC Interests, VLLC Interests, sale of the lease where Verte GA is the tenant (if requested by any buyer in lieu of the sale of the VLLC Interests) or causes of action (but excluding

all Chapter 5 recoveries and commercial tort claims) should be split 75/25 ("Sharing Arrangement"), with the estate retaining 25% (and the amounts retained by the estate shall be utilized in the calculation of the Estate Share) and the AJ Group Creditors retaining 75% ("Settlement Proceeds").

5. In lieu of express language in the Final Financing and Settlement Order authorizing the Trustee to distribute Settlement Proceeds to the AJ Group Creditors or their designee(s) in conformity with the Sharing Arrangement, and the parties having agreed the Sharing Arrangement applies to certain funds held in PVI's Flagstar Bank accounts since the Petition Date, which funds, upon information and belief, were earmarked for payment of PVI's payroll processor, the Parties now seek an Order from the Bankruptcy Court making express such authority for the Trustee to distribute Settlement Proceeds to the AJ Group Creditors or their designee(s).

**NOW, THEREFORE,** for good and valuable consideration, including the mutual covenants set forth below, the receipt and sufficiency of which the Parties hereby acknowledge, and intending to be legally bound, the Parties hereby stipulate and agree as follows:

1. The Recitals set forth above are hereby incorporated in full and made a part of this Stipulation.

2. The Parties stipulate and agree that the funds held in PVI's Flagstar Bank accounts as of the Petition Date, which funds, upon information and belief, were earmarked for payment of PVI's payroll processor, constitute Settlement Proceeds in conformity with the Sharing Arrangement.

3. The Trustee shall have express authority to distribute all Settlement Proceeds to the AJ Group Creditors or their designee(s) (with such designee(s) to be communicated in writing to

2

the Trustee) in accordance with the Parties' contemplation under the Final Financing and Settlement Agreement without further order of the Bankruptcy Court.

4. Nothing in this Stipulation shall be deemed to be a stipulation, agreement, or waiver by the Trustee, on behalf of the Debtor's estates, with respect to any rights, claims, defenses, or causes of actions against any other party that is not a signatory to this Stipulation.

5. No provision of this Stipulation is intended to, or shall, confer any third party beneficiary or other rights or remedies upon any person other than the Parties hereto.

6. This Stipulation shall be binding on and shall inure to the benefit of the Parties, and any successors in interest, assignees, trustees, examiners, agents, and representatives.

7. This Stipulation may be executed by facsimile or electronic signature in two or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one instrument. No term of this Stipulation may be waived, modified or amended except in writing signed by the party against whom enforcement of the waiver, modification or amendment is sought.

8. The Bankruptcy Court shall retain exclusive jurisdiction to hear any matters or disputes arising from or relating to this Stipulation. Any request for relief brought before the Bankruptcy Court to resolve a dispute arising from or related to this Stipulation, and the matters agreed to herein, shall be brought on proper notice and in accordance with the relevant Federal Rules of Bankruptcy Procedure and the Local Rules for the Bankruptcy Court.

**[remainder of page intentionally blank]**

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed the day and year first written above.

**Dated:** January 29, 2024

| | |
|---|---|
| **FOX ROTHSCHILD LLP** | **BLANK ROME LLP** |
| By: /s/ *Jesse M. Harris* | By: */s/ Stanley B. Tarr* |
| Michael G. Menkowitz, Esq. | Stanley B. Tarr, Esq. |
| Jesse M. Harris, Esq. | 1201 N. Market Street |
| 2000 Market Street, 20th Floor | Suite 800 |
| Philadelphia, PA 19103 | Wilmington, DE 19801 |
| | |
| *Attorneys for Alfred T. Giuliano, Chapter 7 Trustee for the Estate of Project Verte Inc.* | *Attorney for AJ Group Creditors* |