**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| PROJECT VERTE INC.,[2] | Case No. 23-10101-LSS |
| Debtor. | **Hearing Date: December 12, 2024 at 10:45 am ET**<br>**Objections Due: December 4, 2024 at 10 am ET** |

**MOTION FOR AN ORDER APPROVING STIPULATION BETWEEN THE**
**CHAPTER 7 TRUSTEE AND GREYORANGE GMBH UNDER FED R. BANKR. P. 9019**

Alfred T. Giuliano (the "Trustee"), in his capacity as the Chapter 7 trustee for the estate of

Project Verte, Inc. (the "Debtor"), by and through his counsel, Fox Rothschild LLP, respectfully

requests the entry of an Order approving the Stipulation (the "Stipulation") between the Trustee,

and GreyOrange Gmbh ("GreyOrange" and with the Trustee, the "Parties"), pursuant to Fed. R.

Bankr. P. 9019 (the "Motion").[3]  In support of the Motion, the Parties represent as follows:

**JURISDICTION**

1.      This Court has jurisdiction over this Motion, pursuant to 28 U.S.C. §§ 157 and 1334.

This matter is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2.      Venue of this proceeding and this Motion is proper in this district, pursuant to 28

U.S.C. §§ 1408 and 1409.

3.      The predicate for the relief sought herein is Rule 9019 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules").

---

[2] The last four digits of the Debtor's Employer Identification Number are 2508.

[3] A copy of the Stipulation is attached hereto as **Exhibit "A"** and incorporated by reference herein.  Capitalized terms not defined herein shall have the meaning ascribed to such terms as in the Stipulation.

**BACKGROUND**

4.      Prior to the Petition Date (defined below), the Debtor operated as a full-circle e-commerce platform that used automated fulfillment centers, proprietary software, and blockchain technology to service its customers. GreyOrange is a company that provides robots, storage units, software, and services that align with the Debtor's former business. Thus, the Debtor and GreyOrange entered into that certain Supply Agreement dated September 26, 2017 ("Agreement") for the provision of equipment and services to help Debtor run its business.

5.      The Debtor and GreyOrange eventually had disputes relating to the Agreement (all such disputes are referred to collectively as the "Disputes") and cut off communications with each other about four years into their business relationship.

6.      On January 26, 2023 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

7.      On January 27, 2023, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect.

8.      Since his appointment on January 27, 2023, the Trustee and his professionals have been diligently working to better understand the Debtor's prior business model and have been evaluating the Debtor's assets—including potential claims belonging to the Debtor's estate—in pursuit of maximizing a return for creditors.

9.      One of the potential claims the Trustee has been exploring involved the Debtor's Disputes with GreyOrange.

10.     At this point, it is the Trustee's informed business judgment that this Motion and the Stipulation submitted herewith will bring the maximum value of any potential claim against

GreyOrange into the Debtor's estate for the benefit of creditors considering the diligence and research done regarding that potential claim and the communications between the Parties.

11.      To that end, the Parties have been negotiating and now seek to enter the Stipulation on the terms set forth therein.  A copy of the Stipulation is attached hereto as **Exhibit A** and incorporated by reference herein. Under the Stipulation, GreyOrange or one of its affiliated entities shall make four payments by wire transfer to the Trustee totaling Two Hundred Thousand Dollars and Zero Cents ($200,000.00) as follows: (a) One Hundred Thousand Dollars and Zero Cents ($100,000.00) by the later of (i) January 15, 2025 or (ii) one business day after the date the Court enters an Order approving the Stipulation; (b) Thirty-Three Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($33,333.33) by the later of (i) April 15, 2025 or (ii) one business day after the date the Court enters an Order approving the Stipulation; (iii) Thirty-Three Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($33,333.33) by the later of (i) July 15, 2025 or (ii) one business day after the date the Court enters an Order approving the Stipulation; and (iv) Thirty-Three Thousand Three Hundred Thirty-Three Dollars and Thirty-Four Cents ($33,333.34) by the later of (i) October 15, 2025 or (ii) one business day after the date the Court enters an Order approving the Stipulation. The Stipulation also grants the Trustee, the Debtor, and GreyOrange mutual releases.[4]

### **RELIEF REQUESTED**

12.      By and through this Motion, the Parties seek entry of an Order authorizing and approving the Stipulation, pursuant to Bankruptcy Rule 9019.

---

[4] To the extent there is any inconsistency between the summary of settlement terms herein and the settlement language contained in the Stipulation attached hereto as **Exhibit A**, the terms in the Stipulation control.

**BASIS FOR RELIEF REQUESTED**

13. Bankruptcy Rule 9019 provides that "after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor. . . and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

14. The Trustee is obligated to maximize the value of the estates and to make his decisions in the best interests of all the creditors of the estate. *Id.* at 394. Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id* at 395. A trustee's showing of sound business justification, need not be unduly exhaustive; instead, a trustee is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

15. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *In re Martin*, 91 F.3d at 393. To this end, courts should consider four factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.* (citation omitted).

16. This Court should approve the Stipulation because it is supported by sound business justifications, the terms of the Stipulation are reasonable, and the four (4) *Martin* factors weigh in favor of approval.

17. On the first *Martin* factor, the Trustee believes the Debtor's estate holds a viable claim against GreyOrange based on the Disputes, but there are numerous difficulties that would

decrease the probability of success in litigation before even getting to the merits of the case, including the facts that the Agreement was entered into over seven (7) years ago and the Trustee is currently pursuing an adversary proceeding against potential witnesses in a claim against GreyOrange based on the Disputes (*Giuliano v. Kahlon*, Adv. No. 23-50459), thus rendering this Motion and Stipulation the maximum return for creditors.

18.     On the second *Martin* factor, GreyOrange is a German entity, so international collection efforts would intrinsically be difficult. GreyOrange's agreement to enter into the Stipulation is a good compromise for all creditors that makes collection efforts easier.

19.     On the third *Martin* factor, any litigation against GreyOrange based on the Disputes would be very complex and accompanied by significant expense, inconvenience, and delay. As noted above, such litigation would be premised on a 7-year-old Agreement with a German entity about which the Parties have reasonable disagreements on several different sections of the Agreement. It is the Trustee's informed business judgment that litigating such a claim to its conclusion would drain the estate's resources in a way that would ultimately not provide a maximum return to creditors.

20.     Finally, on the fourth *Martin* factor, the Stipulation is in the paramount interest of creditors. With the Stipulation, creditors will see hundreds of thousands of dollars flow into the estate within the next calendar year. Without the Stipulation, creditors would be waiting on the commencement of a lawsuit against a German entity which does not have a guarantee of success and which may take years to conclude given the complexity involved in such a case. Even if the Trustee was successful, international collection efforts would take even longer and carry no guarantee of success. The Stipulation gives the creditors the clearest path toward recovering a benefit for themselves.

21.	In light of the foregoing analysis, the Court should defer to the Trustee's business judgement and approve the Stipulation.

## **NOTICE**

Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel for the Debtor; (c) Mr. Brad Eastman, who is Vice President, General Counsel for Grey Orange International, Inc., an affiliated entity of GreyOrange, and the duly authorized representative for GreyOrange; (d) all parties identified on the Debtor's creditor matrix; and (e) all parties who have requested notice pursuant to Bankruptcy Rule 2002.  The Parties submit that no further notice is required and request that the Court determine such notice is adequate and proper.


*[Remainder of page left blank intentionally]*

## CONCLUSION

WHEREFORE, the Parties respectfully request that this Court enter an Order authorizing and approving the Stipulation, pursuant to Bankruptcy Rule 9019, and granting such other and further relief as the Court deems appropriate.

Dated: November 19, 2024

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: */s/ Seth A. Niederman*
Seth A. Niederman
Delaware Bar No. 4588
1201 N. Market Street, Suite 1200
Wilmington, DE  19801
Phone (302) 654-7444/Fax (302) 656-8920
sniederman@foxrothschild.com

-and-

Michael G. Menkowitz, Esquire
Jesse M. Harris, Esquire
Two Commerce Square
2001 Market Street, Suite 1700
Philadelphia, PA  19103-3222
Phone (215) 299-2000/Fax (215) 299-2150
mmenkowitz@foxrothschild.com
jesseharris@foxrothschild.com

*Counsel for the Chapter 7 Trustee*