# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PROJECT VERTE INC.,[1]<br><br>Debtor. | Chapter 7<br><br>Case No. 23-10101-LSS |

## STIPULATION BETWEEN
## THE CHAPTER 7 TRUSTEE AND GREYORANGE GMBH

Alfred T. Giuliano (the "Trustee"), in his capacity as the Chapter 7 trustee for the estate of Project Verte, Inc. (the "Debtor"), and GreyOrange Gmbh ("GreyOrange" and with the Trustee, the "Parties"), enter into this Stipulation (the "Stipulation") and agree as follows:

### RECITALS

**WHEREAS,** the Debtor and GreyOrange entered into that certain Supply Agreement dated September 26, 2027 (the "Agreement");

**WHEREAS,** disputes arose between the Debtor and GreyOrange relating to the Agreement (all such disputes are referred to collectively as the "Disputes");

**WHEREAS,** on January 26, 2023 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court");

**WHEREAS,** on January 27, 2023, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect;

**WHEREAS,** since his appointment, the Trustee and GreyOrange have had communications about resolving the Disputes in a way that maximizes a return for creditors; and

---

[1] The last four digits of the Debtor's Employer Identification Number are 2508.

1

**WHEREAS,** without admitting any liability or wrongdoing, the Trustee and GreyOrange have determined that it is in their best interests to resolve the Disputes on the terms and conditions set forth in this Stipulation.

**NOW, THEREFORE,** in consideration of the premises, good and valuable consideration, and the mutual promises contained here, the receipt and sufficiency of which are hereby explicitly acknowledged as good and sufficient consideration, the Parties hereby **ACKNOWLEDGE, AGREE, AND STIPULATE AS FOLLOWS:**

1. **Recitals**. The foregoing recitals are incorporated herein by reference.

2. **Effective Date**. The effective date ("Effective Date") of this Stipulation shall be the first business day (1) after the Court has entered a final order approving this Stipulation pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. If this Stipulation is not approved by the Court, this Stipulation shall be deemed null and void and made without prejudice to the Trustee, the Debtor, or GreyOrange.

3. **Payment**. In consideration of the execution of this Stipulation and the promises contained herein, the Parties agree that GreyOrange or one of its affiliated entities shall make four payments by wire transfer to the Trustee totaling Two Hundred Thousand Dollars and Zero Cents ($200,000.00) as follows: (a) One Hundred Thousand Dollars and Zero Cents ($100,000.00) by the later of (i) January 15, 2025 or (ii) one business day after the date the Court enters an Order approving the Stipulation; (b) Thirty-Three Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($33,333.33) by the later of (i) April 15, 2025 or (ii) one business day after the date the Court enters an Order approving the Stipulation; (iii) Thirty-Three Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($33,333.33) by the later of (i) July 15, 2025 or (ii) one business day after the date the Court enters an Order approving the Stipulation;

and (iv) Thirty-Three Thousand Three Hundred Thirty-Three Dollars and Thirty-Four Cents ($33,333.34) by the later of (i) October 15, 2025 or (ii) one business day after the date the Court enters an Order approving the Stipulation.

4. **No Admission of Liability**. The Parties understand, acknowledge, and agree that this Stipulation constitutes a settlement of the Disputes, and that this Stipulation is not, and shall not be construed as, an admission or acknowledgement by any Party of liability or the merits of any claim, defense, assertion or allegation made by any Party against the other Party in connection with the Disputes.

5. **Mutual Releases**. For and in consideration of the terms and provisions hereof, the Trustee, the Debtor, and GreyOrange shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged each other, and, solely in their capacities as such, their attorneys, accountants, financial advisors, directors, employees, officers, parents, agents, subsidiaries, and affiliated entities, and the successors and assigns of any of them, from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which they have, had, may have or may claim to have against each other, other than obligations under this Stipulation of the Trustee, the Debtor, and GreyOrange.

6. **Counterparts**. This Stipulation may be signed in counterparts and signatures may be delivered by fax or email, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

...

7.  **Entire Agreement**. This Stipulation constitutes the entire agreement between the Parties in respect of the subject matter hereof, superseding any prior agreements, and shall not be modified, altered, amended, or vacated without the prior written consent of all Parties hereto. No statement made or action taken in the negotiation of this Stipulation may be used by any Party for any purpose whatsoever.

8.  **Voluntary Agreement/Counsel**. Each Party represents and warrants to the other Parties that it: (a) made this Stipulation freely and voluntarily and with full knowledge of its significance; and (b) has been represented by—or had a reasonable opportunity to be represented by—counsel of its own choice in the negotiations preceding the execution of this Stipulation and in connection with the preparation and execution of this Stipulation.

9.  **Interpretation and Construction**. The section headings used herein are intended solely for convenient reference, and shall not control or affect the interpretation, meaning, or construction of any provision of this Stipulation. All references to the singular shall include the plural and all references to gender shall, as appropriate, include other genders. This Stipulation represents the collaborative drafting of the Parties through their respective attorneys. The Parties agree that neither this Stipulation nor any provision of this Stipulation shall be deemed to have been drafted by one Party or that Party's attorney, and any ambiguity found herein shall not be construed against any Party on the basis that it is deemed to have drafted this Stipulation or any provision thereof.

10. **Binding Effect**. This Agreement is intended by the Parties to be binding upon their successors, agents, assigns, including bankruptcy trustees and estate representatives, and any parent, subsidiary, or affiliated entity of the Parties.

11. **Forum Selection**. The Court shall retain exclusive jurisdiction to hear any matters or disputes arising from or relating to this Stipulation. Any request for relief brought before the Court to resolve a dispute arising from or related to this Stipulation, and the matters agreed to herein, shall be brought on proper notice and in accordance with the relevant Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for District of Delaware

12. **Authority**. Each person(s) executing this Agreement as an agent or in a representative capacity represents and warrants that they are duly authorized to do so.

13. **Further Assurances**. The Parties shall cooperate and take all such further action to facilitate the intent and purpose of this Stipulation, and agree to execute and deliver any such further documents as may be reasonably requested by any Party to this Stipulation to carry out the provisions and purposes of this Agreement.

14. **Costs, Expenses and Fees**. The Parties shall each be responsible for paying their own attorneys' fees, expenses, and costs for the negotiations and drafting of this Stipulation, along with any disputes between them arising out of this Stipulation. The Parties shall bear their own respective tax consequences of this Stipulation.

**IN WITNESS WHEREOF AND INTENDING TO BE LEGALLY BOUND HEREBY,** the Parties execute this Stipulation as of the date and year below set forth.

| ALFRED T. GIULIANO, as Chapter 7 Trustee for the Bankruptcy Estate of Debtor Project Verte, Inc. | GREYORANGE GMBH |
|---|---|
| Signature: *(signed)* | Signature: *Brad Eastman* (DocuSigned by: 3D36EDC4B9714E7) |
| Name: ALFRED T. Giuliano | Name: Brad Eastman |
| Title: TRUSTEE | Title: Director |
| Date: 11/18/24 | Date: 11/15/24 |

5