**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>PROJECT VERTE, INC.,[1]<br><br>            Debtor. | Chapter 7<br><br>Case No. 23-10101 (LSS) |
| ALFRED T. GIULIANO, Chapter 7 Trustee for PROJECT VERTE, INC.<br><br>            Plaintiff,<br><br>            v.<br><br>PROJECT VERTE ISRAEL LTD.,<br><br>            Defendant. | Adv. Pro. No. 25- |

**COMPLAINT OF ALFRED T. GIULIANO, CHAPTER 7**
**TRUSTEE FOR PROJECT VERTE, INC. TO AVOID AND**
**RECOVER TRANSFERS, PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550**

Alfred T. Giuliano (the "Trustee"), chapter 7 trustee for the estate of Project Verte, Inc. (the "Debtor"), by and through his attorneys, Fox Rothschild LLP, brings this adversary proceeding and files this Complaint (the "Complaint"), pursuant to Fed. R. Bankr. P. 7001, to avoid and recover transfers, pursuant to 11 U.S.C. §§ 547, 548, and 550, and alleges as follows:

**JURISDICTION AND VENUE**

1.    This Court (the "Bankruptcy Court") has jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a), which is a civil proceeding arising under Title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The last four digits of the Debtor's federal tax identification number are 2508.

167276942.1

2. This is a core proceeding, as defined in 28 U.S.C. §§ 157(b)(2)(A), (F), (H) and (O).

3. Venue of this adversary proceeding is proper in the District of Delaware, pursuant to 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. By this adversary proceeding, the Trustee seeks to avoid and recover, pursuant to Sections 547, 548, and 550 of the Bankruptcy Code, certain preferential and/or fraudulent transfers that the Debtor made to Defendant (defined below), and to recoup reasonable attorneys' fees and costs, pursuant to Rule 7054 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## PARTIES AND BACKGROUND

5. Plaintiff is Alfred T. Giuliano, the Trustee for the estate of Debtor.

6. Project Verte Israel Ltd. ("Defendant") is, upon information and belief, a corporation, whose place of incorporation is Israel.

7. Defendant, upon information and belief, maintains a business address at 4 Lishansky Yosef, Rishon Lezion, 7565019, IL.

8. On January 26, 2023, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

9. On January 27, 2023, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect today [D.I. 6].

## COUNT ONE

### (Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547)

10. The Trustee repeats and re-alleges the allegations contained in all the preceding paragraphs of this Complaint as if the same were set forth herein at length.

11. On or within the ninety (90) days before the Petition Date (the "Preference Period"), the Debtor transferred and/or caused to be transferred, to or for the benefit of Defendant, in the form of one or more payments of monies and/or transfers of goods in, at least, the total amount of $394,714.00 as more specifically set forth below (the "Transfers"):

| Payment Date | Clear Date | Payment Amount |
|---|---|---|
| 11/28/2022 | 11/28/2022 | $394,714.00 |
| TOTAL | | $394,714.00 |

12. The Trustee and his professionals have conducted reasonable due diligence in the circumstances of the Debtor's bankruptcy case and have reviewed the Debtor's bankruptcy schedules, statement of financial affairs, accounts payable ledger for the period of ninety (90) days prior to the Petition Date, and the response, if any, by the Defendants to the Trustee's demand letter and any affirmative defenses under 11 U.S.C. § 547(c) raised therein.

13. Based on the Trustee's reasonable due diligence, the Trustee is not aware of any affirmative defenses that reduce the Transfers to an amount less than $394,714.00.

14. Each of the Transfers constituted a transfer of an interest in property of the Debtor.

15. The bank account from which each Transfer was drawn was owned by the Debtor.

16. Each of the Transfers was made, or caused to be made, to or for the benefit of the Defendant, a creditor of the Debtor.

17. Each of the Transfers was made payable to and cashed by, or wired directly to and accepted by, the Defendant.

18. The Transfers were made, or caused to be made, for or on account of one or more antecedent debts owed by the Debtor to the Defendant prior to the date on which such Transfer was made.

19. The Transfers were made in satisfaction of the Debtor's obligations, pursuant to an agreement between the Debtor and the Defendant, and were payment for goods previously delivered and/or services previously performed by the Defendant on behalf of the Debtor.

20. The Debtor was insolvent for purposes of Section 547(b) of the Bankruptcy Code when each of the Transfers was made.

21. The Transfers enabled the Defendant to receive more than it would have received if: (i) the case was under chapter 7 of the Bankruptcy Code, (ii) the Transfers had not been made, and (iii) Defendant received payment of the debt(s) relating to each such Transfer, to the extent provided by the provisions of the Bankruptcy Code.

22. Based upon the foregoing, the Transfers constitute avoidable preferential transfers, pursuant to Section 547(b) of the Bankruptcy Code.

WHEREFORE, the Trustee seeks judgment against the Defendant:

(a) avoiding the Transfers (plus the amount of any additional transfers of property of the Debtor to the Defendant during the Preference Period that discovery may reveal), pursuant to Section 547(b) of the Bankruptcy Code;

(b) awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding; and

   (c) awarding the Trustee such other and further relief as may be just and proper.

## COUNT TWO

### (Avoidance of Transfers Pursuant To 11 U.S.C § 548(a))

23. The Trustee repeats and re-alleges the allegations contained in all the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

24. The Transfers were transfers of an interest in property of the Debtor.

25. The Transfers were made within two years prior to the Petition Date.

26. The Transfers were made to or for the benefit of the Defendant.

27. To the extent that one or more of the Transfers were not on account of an antecedent debt or were not prepayments for goods or services subsequently received, the Debtor received less than reasonably equivalent value in exchange for the Transfers.

28. The Debtor (i) was insolvent on the dates of the Transfers or became insolvent as a result of the Transfers; or (ii) was engaged in business or a transaction for which any property remaining with the Debtor was an unreasonably small amount of capital at the time of, or as a result of the Transfers; or (iii) intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

29. Based upon the foregoing, the Transfers made by the Debtor to the Defendant constitute avoidable fraudulent transfers, pursuant to Section 548(a) of the Bankruptcy Code.

WHEREFORE, the Trustee seeks judgment against the Defendant:

(a)  avoiding the Transfers (plus the amount of any additional transfers of property of the Debtor to the Defendant during the Preference Period that discovery may reveal), pursuant to Section 548(a) of the Bankruptcy Code;

(b)  awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding; and

(c)  awarding the Trustee such other and further relief as may be just and proper.

## COUNT THREE

### (Recovery of Avoided Transfers Pursuant To 11 U.S.C § 550)

30. The Trustee repeats and re-alleges the allegations contained in all the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

31. The Defendant was the initial transferee of the Transfers.

32. The Defendant was the entity for whose benefit the Transfers were made.

33. Pursuant to Sections 547(b) and 548 of the Bankruptcy Code, the Trustee may avoid the Transfers and, pursuant to Section 550(a) of the Bankruptcy Code, the Trustee may recover for the benefit of the estate of the Debtor the Transfers, or the value of the Transfers, from the Defendant.

WHEREFORE, the Trustee seeks judgment against the Defendant:

(a)  directing the Defendant to immediately pay the value of the Transfers (plus the amount of any additional transfers of property of the Debtor to the Defendant during the Preference Period that discovery may reveal) to the Trustee, together with pre-judgment and post-judgment interest, pursuant to Section 550 of the Bankruptcy Code;

     (b)    awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding; and

     (c)    awarding the Trustee such other and further relief as may be just and proper.

## COUNT FOUR

### (Disallowing, Barring, and Expunging the Defendant's Claims Pursuant To 11 U.S.C § 502)

34.    The Trustee repeats and re-alleges the allegations contained in all the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

35.    The Defendant is the transferee of the Transfers, which are avoidable and recoverable under Sections 547, 548, and 550 of the Bankruptcy Code.

36.    The Trustee has demanded repayment of the Transfers.

37.    The Defendant has failed and refused to turn over to the Trustee the value of the Transfers, or to otherwise repay the Transfers to the Trustee.

38.    Pursuant to Section 502(d), any claim of the Defendant against the Debtor must be disallowed until the Defendant pays to the Trustee the value of the Transfers.

39.    Pursuant to Section 502(d) of the Bankruptcy Code, the Trustee is entitled to entry of a judgment disallowing, barring, and expunging any claim(s) that the Defendant may hold against the Debtor.

WHEREFORE, the Trustee seeks judgment against the Defendant:

     (a)    disallowing, barring, and expunging any claim(s), including those on the claims register, that the Defendant may hold against the Debtor, pursuant to Section 502(d) of the Bankruptcy Code;

(b)  awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding; and

(c)  awarding the Trustee such other and further relief as may be just and proper.

## COUNT FIVE

### (Attorneys' Fees – Bankruptcy Rule 7054)

40.  The Trustee repeats and re-alleges the allegations contained in all the preceding paragraphs of this Complaint as if the same were fully set forth herein at length.

41.  The Trustee has incurred significant legal fees and expenses to pursue these claims against the Defendant.

42.  The Trustee is entitled to reasonable attorneys' fees, pursuant to Bankruptcy Rule 7054.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Trustee seeks judgment against the Defendant:

  (a) awarding the Trustee attorneys' fees and costs incurred in connection with this adversary proceeding, pursuant to Bankruptcy Rule 7054; and

  (b) awarding the Trustee such other and further relief as may be just and proper.

FOX ROTHSCHILD LLP

By:  */s/ Seth A. Niederman*
  Seth A. Niederman, Esquire (No. 4588)
  1201 N. Market Street, Suite 1200
  Wilmington, DE  19801-3046
  Tel. (302) 427-5512/Fax (302) 622-8920
  sniederman@foxrothschild.com

  -and-

  Michael G. Menkowitz, Esquire
  Jesse M. Harris, Esquire
  Matthew A. Skolnick, Esquire
  Two Commerce Square
  2001 Market Street, Suite 1700
  Philadelphia, PA  19103
  Tel. (215) 299-2010/Fax (215) 299-2150
  mmenkowitz@foxrothschild.com
  jesseharris@foxrothschild.com
  mskolnick@foxrothschild.com

  *Attorneys for Alfred T. Giuliano, chapter 7 Trustee for Project Verte, Inc.*

Dated:  January 24, 2025

167276942.1