# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>PROJECT VERTE, INC.,[1]<br><br>Debtor. | Chapter 7<br><br>Case No. 23-10101 (LSS) |
| ALFRED T. GIULIANO, Chapter 7 Trustee for PROJECT VERTE, INC.<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>STEPHEN BULLARD<br><br>　　　　　　　　　Defendant. | Adv. Pro. No. 25-50061-LSS<br><br>**Hearing Date: March 13, 2025 at 11:30 a.m. ET**<br>**Objections Due: March 6, 2025 at 4:00 p.m. ET** |

## MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER
## APPROVING THE SETTLEMENT OF THE AVOIDANCE CLAIM
## AGAINST STEPHEN BULLARD, PURSUANT TO FED. R. BANKR. P. 9019

Alfred T. Giuliano (the "Trustee"), the Chapter 7 trustee for the estate of Project Verte, Inc. (the "Debtor"), by and through his attorneys, Fox Rothschild LLP, respectfully requests the entry of an Order approving the settlement of the avoidance claim against Stephen Bullard ("Bullard" or the "Defendant", together with the Trustee, the "Parties"), pursuant to Fed. R. Bankr. P. 9019 (the "Motion"). In support of the Motion, the Trustee respectfully represents as follows:

### JURISDICTION

1. The Court has jurisdiction over this Motion, pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(A).

---

[1] The last four digits of the Debtor's federal tax identification number are 2508.

2.  Venue of this proceeding and this Motion is proper in this district, pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicate for the relief sought herein is Fed. R. Bankr. P. 9019.

**FACTUAL BACKGROUND**

4.  On January 26, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

5.  On January 27, 2023, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect today [D.I. 6].

6.  Since the filing, the Trustee has been liquidating the Debtor's assets for the benefit of the estate and its creditors.

7.  In accordance with his duties under the Bankruptcy Code, the Trustee reviewed the Debtor's books and records and identified entities that received payments potentially avoidable under Sections 547, 548, 549 and 550 of the Bankruptcy Code (the "Transfers"). In November 2024, the Trustee sent out demand letters regarding the Transfers and settled some of those matters.

8.  On January 24, 2025, the Trustee filed a Complaint (the "Complaint") against Bullard in the Court, commencing an adversary proceeding under Case No. 25-50061-LSS (the "Adversary Proceeding"), and asserting a claim for preference and/or fraudulent conveyance transfers (collectively, the "Transfers"), pursuant to 11 U.S.C. §§ 546, 548, and 550, in the amount of $74,111.00 (the "Claim").

9.  Since the filing of the Complaint and the commencement of the Adversary Proceeding, the Defendant informally contacted the Trustee's attorneys and asserted various defenses to the Claim. The Parties engaged in extensive, arms-length negotiations to resolve the

Claim, and after presenting the strengths and weaknesses of the Parties' respective cases, several rounds of settlement proposals ensued.

10. In order to settle or resolve the Claim without accumulating additional litigation costs, the Trustee and the Defendant have entered into a settlement agreement (the "<u>Settlement Agreement</u>"). A copy of the Settlement Agreement is attached as **Exhibit "A"** to the proposed form of Order submitted with the Motion.

11. A summary of the pertinent terms of the Settlement Agreement are as follows:

   a. ***Payment to the Trustee.*** In full satisfaction of the Claim, the Defendant shall pay to the Trustee the sum of $30,000.00 (the "<u>Payment</u>") for the benefit of the Debtor's estate. The Payment shall be made in two (2) installments (each an "<u>Installment</u>," and collectively, the "<u>Installments</u>"). The Installments shall be paid in accordance with the following payment schedule: (i) $15,000.00 shall be paid, such that payment is received by the Trustee no later than by March 15, 2025, and (ii) the remaining $15,000.00 shall be paid, such that payment is received by the Trustee no later than by April 15, 2025.

   b. ***Dismissal of Adversary Proceeding and Mutual Releases.*** Upon the Court's approval of this Motion and the Settlement Agreement, and upon the Trustee's receipt of the Payment amount, the Trustee will within ten (10) days voluntarily dismiss with prejudice the Complaint and seek to close the Adversary Proceeding. Further, upon the Court's approval and the Trustee's receipt of the Payment, as more fully detailed in the Settlement Agreement, the Parties agree to release each other and their respective representatives, agents, and successors, of all causes of action relating to the Transfers under the Claim, including the Defendant's waiver of any right to file a proof of claim under 11 U.S.C. § 502(h).

## RELIEF REQUESTED

12. By this Motion, the Trustee seeks entry of an Order approving the Settlement Agreement with the Defendant, pursuant to Fed. R. Bankr. P. 9019.

## BASIS FOR RELIEF REQUESTED

13. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to

creditors, the United States trustee, the debtor. . . and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

14. The Trustee is obligated to maximize the value of the estate and to make his decisions in the best interests of all the creditors of the estate. *Id.* at 394. Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id.* A trustee's showing of sound business justification, need not be unduly exhaustive; instead, the trustee is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

15. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Martin*, 91 F.3d at 393. In striking this balance, courts should consider four factors: "(1) the probability of success in the litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id*. (citation omitted).

16. The Trustee, through his professionals, and the Defendant engaged in good-faith, arms-length settlement negotiations in reaching the Settlement Agreement. In the Trustee's business judgment, the Settlement Agreement reached with the Defendant is in the best interests of the Debtor's estate and its creditors. Further, the Trustee submits that the four *Martin* factors weigh heavily in favor of approving the Settlement Agreement described above.

17. With respect to the first *Martin* factor, the Trustee and the Defendant each believe that their positions and defenses are legitimate and well-supported by the underlying facts and

168548002.1

circumstances. Litigating claims and defenses under 11 U.S.C. §§ 547, 548, and 550 require in-depth factual analyses into the financial records of the relevant parties and their prior course of dealing. The success of one party can often hinge on the smallest of details. Given the complexity and nuance involved, the outcomes of avoidance actions can be difficult to predict. While the Trustee and the Defendant each believe that they have a chance of succeeding should they proceed to trial, the Parties also recognize that it is uncertain, at best, if their arguments will prevail and that prolonged litigation would be costly and time-consuming.

18. With respect to collection difficulties, the Trustee does not believe that this factor is particularly relevant to evaluating the Settlement Agreement.

19. In terms of the complexity of litigation, and the expense, inconvenience, and delay necessarily attending it, as discussed in connection with the first *Martin* factor, the issues at stake in this case are highly complex and the underlying facts are susceptible to varying interpretations. Further, arguing for and defending against the Claim to conclusion would likely require additional discovery, expert testimony, detailed briefing, and travel expenses. As a result, the Parties could expect to incur significant litigations costs and expenses that not only would exceed the agreed-upon Payment, but also could easily exceed the entire value of the Claim itself. Given the amount at stake, the unpredictable nature of avoidance actions, and the likelihood of incurring excessive costs, the Parties believe that there is limited upside to pursuing litigation any further.

20. Lastly, given that approval of the Settlement Agreement guarantees a total recovery of $30,000.00 for the estate, the Trustee believes that, rather than pursuing costly litigation with speculative levels of success, approval is in the paramount interest of the creditors.

21. Because the four *Martin* factors weigh heavily in favor of settling the Claim, and because the Settlement Agreement is reasonable and supported by a sound business justification,

it should be approved. The Trustee submits, in the exercise of his business judgment, the Settlement Agreement represents the most effective way to maximize value for the estate.

## **NOTICE**

Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the Debtor; (iii) the Defendant's counsel; (iv) all parties identified on the Debtor's creditor matrix; and (v) all parties requesting notice pursuant to Fed. R. Bankr. P. 2002. The Trustee submits that no further notice is required and requests that the Court determine such notice is adequate and proper.

*[Signature Page to Follow]*

168548002.1

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that this Court enter an Order: (i) approving the Settlement Agreement with the Defendant, pursuant to Fed. R. Bankr. P. 9019; and (ii) granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: */s/ Seth A. Niederman*
Seth A. Niederman
Delaware Bar No. 4588
1201 N. Market Street, Suite 1200
Wilmington, DE 19801
Phone (302) 654-7444/Fax (302) 656-8920
sniederman@foxrothschild.com

-and-

Michael G. Menkowitz, Esquire
Jesse M. Harris, Esquire
Matthew A. Skolnick, Esquire
Two Commerce Square
2001 Market Street, Suite 1700
Philadelphia, PA  19103
Phone (215) 299-2000/Fax (215) 299-2150
mmenkowitz@foxrothschild.com
jesseharris@foxrothschild.com
mskolnick@foxrothschild.com

Dated:  February 20, 2025    *Counsel for Alfred T. Giuliano, Chapter 7 Trustee*

168548002.1