**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>PROJECT VERTE INC.,[1]<br><br>Debtor. | Chapter 7<br><br>Case No. 23-10101-LSS<br><br>Hearing Date: March 13, 2025 at 11:30 a.m. ET<br>Objections Due: March 6, 2025 at 4:00 p.m. ET |

**MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER
APPROVING SETTLEMENTS OF CERTAIN PRE-LITIGATION
AVOIDANCE CLAIMS, PURSUANT TO FED. R. BANKR. P. 9019**

Alfred T. Giuliano (the "Trustee"), the Chapter 7 trustee for the estate of Project Verte, Inc. (the "Debtor"), by and through his attorneys, Fox Rothschild LLP, respectfully requests the entry of an Order approving the settlements (the "Settlements") of certain pre-litigation avoidance claims, pursuant to Fed. R. Bankr. P. 9019 (the "Motion"). In support of the Motion, the Trustee respectfully represents as follows:

**JURISDICTION**

1. The Court has jurisdiction over this Motion, pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Motion is proper in this district, pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is Fed. R. Bankr. P. 9019.

**FACTUAL BACKGROUND**

4. On January 26, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1] The last four digits of the Debtor's federal tax identification number are 2508.

168416200.1

5. On January 27, 2023, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect today [D.I. 6].

6. Since the filing, the Trustee has been liquidating the Debtor's assets for the benefit of the estate and its creditors.

7. In accordance with his duties under the Bankruptcy Code, the Trustee reviewed the Debtor's books and records and identified entities that received payments potentially avoidable under Sections 547, 548, 549 and 550 of the Bankruptcy Code (the "Transfers"). In November 2024, the Trustee sent out demand letters regarding the Transfers and settled some of those matters.

8. The Trustee negotiated the Settlements with the following parties without the need to commence an adversary proceeding: (i) Raymond Carolina Handling ("RCH"); (ii) I. David Gordon Associates Inc. d/b/a Gordon Companies ("Gordon"); (iii) Boehlke Sparrer Communications, Inc. ("BSC"); and (iv) Georgia Power Company ("Georgia"). Summaries of the negotiations and Settlements with each of the aforementioned parties (the "Settling Defendants") have been provided below.

A. *RCH*

9. The Debtor's records showed a claim for preference and/or fraudulent conveyance transfers from the Debtor to RCH in the amount of $24,014.93. Upon review of the defenses asserted under 11 U.S.C. §§ 547(c)(1), 547(c)(2), and/or 547(c)(4), the Trustee agreed to accept $12,500.00 in full and final settlement of any potential avoidance actions. The parties exchanged releases, including RCH's waiver of any right to file a proof of claim under 11 U.S.C. § 502(h). The parties memorialized the settlement (the "RCH Settlement") in an agreement executed on or around January 22, 2025. A true and correct copy of the RCH Settlement is attached as **Exhibit A** to the proposed order submitted with the Motion.

B.    *Gordon*

10.    The Debtor's records showed a claim for preference and/or fraudulent conveyance transfers from the Debtor to Gordon in the amount of $58,632.00. Upon review of the defenses asserted under 11 U.S.C. §§ 547(c)(1), 547(c)(2), and/or 547(c)(4), the Trustee agreed to accept $2,000.00 in full and final settlement of any potential avoidance actions. The parties exchanged releases, including Gordon's waiver of any right to file a proof of claim under 11 U.S.C. § 502(h). The parties memorialized the settlement (the "Gordon Settlement") in an agreement executed on or around January 22, 2025. A true and correct copy of the Gordon Settlement is attached as **Exhibit B** to the proposed order submitted with the Motion.

C.    *BSC*

11.    The Debtor's records showed a claim for preference and/or fraudulent conveyance transfers from the Debtor to BSC in the amount of $85,984.00. Upon review of the defenses asserted under 11 U.S.C. §§ 547(c)(1), 547(c)(2), and/or 547(c)(4), the Trustee agreed to accept $25,000.00 in full and final settlement of any potential avoidance actions. The parties exchanged releases. The parties memorialized the settlement (the "BSC Settlement") in an agreement executed on or around January 23, 2025. A true and correct copy of the BSC Settlement is attached as **Exhibit C** to the proposed order submitted with the Motion.

D.    *Georgia*

12.    The Debtor's records showed a claim for preference and/or fraudulent conveyance transfer from the Debtor to Georgia in the amount of $23,175.02. Upon review of the defenses asserted under 11 U.S.C. §§ 547(c)(1), 547(c)(2), and/or 547(c)(4), the Trustee agreed to accept $1,600.00 in full and final settlement of any potential avoidance actions. The parties exchanged releases, including Georgia's waiver of any right to file a proof of claim under 11 U.S.C. § 502(h).

The parties memorialized the settlement (the "Georgia Settlement") in an agreement executed on or around January 24, 2025. A true and correct copy of the Georgia Settlement is attached as **Exhibit D** to the proposed order submitted with the Motion.

## RELIEF REQUESTED

13. By this Motion, the Trustee seeks entry of an order approving the Settlements of certain pre-litigation avoidance actions with the Settling Defendants, pursuant to Fed. R. Bankr. P. 9019.

## BASIS FOR RELIEF REQUESTED

14. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor. . . and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).

15. The Trustee is obligated to maximize the value of the estate and to make his decisions in the best interests of all the creditors of the estate. *Id.* at 394. Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id.* A trustee's showing of sound business justification, need not be unduly exhaustive; instead, the trustee is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

16. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Martin*, 91 F.3d at 393. In striking this balance, courts should consider four factors: "(1) the probability of success in the

4

litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.* (citation omitted).

17. The Trustee, through his professionals, and the Settling Defendants engaged in good-faith, arms-length settlement negotiations in reaching the Settlements. In the Trustee's business judgment, the Settlements reached with each of the Settling Defendants are in the best interests of the Debtor's estate and its creditors. Further, the Trustee submits that the four *Martin* factors weigh heavily in favor of approving the Settlements described above.

18. With respect to the first *Martin* factor, the Trustee and the Settling Defendants each believe that their claims and defenses are legitimate and well-supported by the underlying facts and circumstances. Litigating claims and defenses under 11 U.S.C. §§ 547, 548, and 550 require in-depth factual analyses into the financial records of the relevant parties and their prior course of dealing. The success of one party can often hinge on the smallest of details. Given the complexity and nuance involved, the outcomes of these actions can be difficult to predict. While the Trustee and the Settling Defendants each believe that they have a chance of succeeding should they proceed to trial, the parties also recognize that it is uncertain, at best, if their arguments will prevail and that prolonged litigation would be costly and time-consuming.

19. With respect to collection difficulties, the Trustee does not believe that this factor is relevant to evaluating the Settlements.

20. In terms of the complexity of litigation, and the expense, inconvenience, and delay necessarily attending it, as discussed in connection with the first *Martin* factor, the issues at stake in this case are highly complex and the underlying facts are susceptible to varying interpretations. Further, arguing for and defending against the claims to conclusion would likely require additional

discovery, expert testimony, detailed briefing, and travel expenses. As a result, the parties could expect to incur significant litigations costs and expenses that not only would exceed the agreed-upon settlement payments but could easily exceed the entire value of the claims themselves. Given the amounts at stake, the unpredictable nature of these claims, and the likelihood of incurring excessive costs, the parties believe that there is limited upside to pursuing litigation any further.

21. Lastly, given that approval of the Settlements guarantees a prompt total recovery of $41,100.00 for the estate, the Trustee believes that, rather than pursuing costly litigation with speculative levels of success, approval is in the paramount interest of the creditors.

22. Because the four *Martin* factors weigh heavily in favor of settling the claims, and because the Settlements are reasonable and supported by a sound business justification, they should be approved. The Trustee submits, in the exercise of his business judgment, the Settlements represent the most effective way to maximize value for the estate.

## NOTICE

Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the Debtor; (iii) the Settling Defendants or their counsel; (iv) all parties identified on the Debtor's creditor matrix; and (v) all parties requesting notice pursuant to Fed. R. Bankr. P. 2002. The Trustee submits that no further notice is required and requests that the Court determine such notice is adequate and proper.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an Order: (i) approving the Settlements with the Settling Defendants, pursuant to Fed. R. Bankr. P. 9019; and (ii) granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: */s/ Seth A. Niederman*
Seth A. Niederman
Delaware Bar No. 4588
1201 N. Market Street, Suite 1200
Wilmington, DE 19801
Phone (302) 654-7444/Fax (302) 656-8920
sniederman@foxrothschild.com

       -and-

Michael G. Menkowitz, Esquire
Jesse M. Harris, Esquire
Matthew A. Skolnick, Esquire
Two Commerce Square
2001 Market Street, Suite 1700
Philadelphia, PA  19103
Phone (215) 299-2000/Fax (215) 299-2150
mmenkowitz@foxrothschild.com
jesseharris@foxrothschild.com
mskolnick@foxrothschild.com

Dated:  February 20, 2025          *Attorneys for Alfred T. Giuliano, Chapter 7 Trustee*

168416200.1