# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| PROJECT VERTE INC.,[1] | Case No. 23-10101-LSS |
| Debtor. | Related D.I. ___ |

## ORDER APPROVING SETTLEMENTS OF CERTAIN
## PRE- LITIGATION AVOIDANCE CLAIMS, PURSUANT TO FED. R. BANKR. P. 9019

Upon consideration of the motion of Alfred T. Giuliano (the "Trustee"),[2] the Chapter 7 trustee for the estate of Project Verte Inc. (the "Debtor"), for entry of an Order approving the Settlements of certain pre-litigation avoidance claims pursuant to Fed. R. Bankr. P. 9019 (the "Motion"); and the Court having considered the Motion and determined that (i) it has jurisdiction over the matters raised in the Motion, pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors; (iv) proper and adequate notice of the Motion and the relief requested therein has been given and no other or further notice is necessary; (v) a reasonable opportunity to object or to be heard regarding the relief requested in the Motion has been afforded to all interested parties, persons, and entities; and (v) upon the record herein, after due deliberation thereon, good and sufficient cause appearing therefore

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. The Motion is GRANTED.

---

[1] The last four digits of the Debtor's federal tax identification number are 2508.

[2] Capitalized terms not otherwise defined herein shall have their meanings as defined in the Motion.

168417948.1

2. The Settlement with Raymond Carolina Handling be and is hereby approved, pursuant to Fed. R. Bankr. P. 9019, and in accordance with the RCH Settlement attached hereto as **Exhibit A**.

3. The Settlement with I. David Gordon Associates Inc. d/b/a Gordon Companies be and is hereby approved, pursuant to Fed. R. Bankr. P. 9019, and in accordance with the Gordon Settlement attached hereto as **Exhibit B**.

4. The Settlement with Boehlke Sparrer Communications, Inc. be and is hereby approved, pursuant to Fed. R. Bankr. P. 9019, and in accordance with the BSC Settlement attached hereto as **Exhibit C**.

5. The Settlement with Georgia Power Company be and is hereby approved, pursuant to Fed. R. Bankr. P. 9019, and in accordance with the Georgia Settlement attached hereto as **Exhibit D**.

6. The Court shall retain jurisdiction over any matter arising from, and/or related to, this Order or the relief granted herein.

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("Agreement") is made and entered into as of this 22nd day of January, 2025, by and between ALFRED T. GIULIANO (the "Trustee"), CHAPTER 7 TRUSTEE FOR THE ESTATE OF PROJECT VERTE, INC. (the "Debtor"), and RAYMOND CAROLINA HANDLING (the "Vendor," and collectively with the Debtor, the "Parties"), who intending to be legally bound, hereby agree as follows:

1. On January 26, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. On January 27, 2023, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect today [D.I. 6].

3. The Trustee has asserted a claim for preference and/or fraudulent conveyance transfers recovery against Vendor in the amount of $24,014.93 (collectively, the "Transfers"), pursuant to a certain demand letter dated November 7, 2024 (the "Claim").

4. The Vendor has asserted various defenses to the Claim.

5. In order to settle and resolve the Claim without the need for costly litigation, the Trustee and the Vendor have agreed to settle the Claim on the terms set forth herein.

6. In full satisfaction of the Claim, the Vendor shall pay the Trustee the sum of $12,500.00 (the "Payment") for the benefit of the estate of PROJECT VERTE, INC., which amount shall be received by the Trustee on or before such date that is fourteen (14) days from the date of this Agreement. The Payment must be made by wire transfer or by check made payable to "Alfred T. Giuliano, Chapter 7 Trustee for PROJECT VERTE, INC.," and delivered to Alfred

163113466.1

T. Giuliano, Giuliano, Miller & Co., LLC, 2301 E. Evesham Road, Pavilion 800 Suite 210, Voorhees, NJ 08043.

7. The Trustee will seek Bankruptcy Court approval of the settlement hereunder. The Payment shall be held in escrow by the Trustee until the Bankruptcy Court approves this Agreement, with each Party to bear its own costs and fees. If this Agreement is not approved by the Bankruptcy Court, this Agreement shall be null and void and made without prejudice to either Party, and the Trustee shall return the Payment to the Vendor within ten (10) days of such disapproval.

8. Upon the Trustee's successful negotiation of the full amount of the Payment and approval of this Agreement by the Bankruptcy Court, the Trustee and the Debtor, on the one hand, and the Vendor, on the other hand, hereby remise, release, discharge, and acquit each other, and each other's respective executors, executrixes, employees, shareholders, attorneys, officers, and directors from any and all claims, actions, liabilities, debts, and causes of action whatsoever, however incurred or arising, now existing or hereafter arising, known or unknown, actually brought, or that could have been brought, relating to or pertaining to the Transfers under the Claim. The Vendor waives any rights that it, or its assigns and successors, may have to file a proof of claim under Section 502(h) of the Bankruptcy Code, or otherwise receive payment from the Debtor's estate, with respect to the Payment. For the avoidance of doubt, the Vendor shall be forever barred, estopped, and precluded from filing any proof of claim in this Chapter 7 case.

9. Upon this Agreement being approved by the Bankruptcy Court, to the extent the Trustee has commenced any action or Adversary Proceeding against the Vendor with respect to the Transfers and/or the Claim, the Trustee shall file a notice of dismissal or a stipulation of dismissal with prejudice in any such pending action or Adversary Proceeding.

Docusign Envelope ID: 5DE2EEAF-6033-4AD6-B74A-54E4D3D1E403

10. This Agreement represents the entire agreement between the Parties and may only be amended in writing, executed by the Parties hereto, and approved by the Bankruptcy Court.

11. This Agreement is being executed for settlement purposes only and does not constitute an admission of liability by the Vendor.

12. The Vendor and the individual executing this Agreement on behalf of the Vendor, and the Trustee and the individual executing this Agreement on behalf of the Trustee, each represent and warrant that they have the authority to execute this Agreement, and that when executed by the undersigned, the Vendor and the Trustee, respectively, will be bound hereunder.

13. This Agreement shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Delaware, without regard to Delaware's rules regarding conflicts of law.

14. Each of the Parties shall pay its own respective costs and attorneys' fees incurred with respect to the Claim and this Agreement.

15. Should any action, suit, or proceeding be commenced by either Party to this Agreement to enforce any provision hereof, the prevailing Party shall be entitled to recover from the other Party, in addition to obtaining other relief, reasonable attorneys' fees and costs, and expenses incurred in said action, suit, or proceeding, including any appeal.

16. This Agreement shall be construed without regard to any presumption or other rule requiring construction against the Party causing the document to be drafted. Each Party warrants that it has been represented and advised by counsel, or that it has had full opportunity to be represented and advised by counsel with respect to this Agreement and all matters covered herein.

17. This Agreement may be executed in one or more counterparts, including by facsimile, each of which shall be deemed an original, but all of which together constitute one and the same instrument. Facsimile and electronic copies of executed copies of this Agreement shall be deemed the equivalent of an original copy of this Agreement for all purposes.

IN WITNESS WHEREOF, the Parties are executing this Agreement as of the day and year first above written.

RAYMOND CAROLINA HANDLING

By: _____*Danny Saluba*_____
Name: Danny Saleeba
Title: Vice President of Finance

ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE
FOR THE ESTATE OF PROJECT VERTE, INC.,

By: _____
Alfred T. Giuliano, Chapter 7 Trustee

163113466.1

4

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("Agreement") is made and entered into as of this 22 day of January, 2025, by and between ALFRED T. GIULIANO (the "Trustee"), CHAPTER 7 TRUSTEE FOR THE ESTATE OF PROJECT VERTE, INC. (the "Debtor"), and I. DAVID GORDON ASSOCIATES INC DBA GORDON COMPANIES (the "Vendor," and collectively with the Debtor, the "Parties"), who intending to be legally bound, hereby agree as follows:

1. On January 26, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. On January 27, 2023, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect today [D.I. 6].

3. The Trustee has asserted a claim for preference and/or fraudulent conveyance transfers recovery against Vendor in the amount of $58,632.00 (collectively, the "Transfers"), pursuant to a certain demand letter dated November 7, 2024 (the "Claim").

4. The Vendor has asserted various defenses to the Claim.

5. In order to settle and resolve the Claim without the need for costly litigation, the Trustee and the Vendor have agreed to settle the Claim on the terms set forth herein.

6. In full satisfaction of the Claim, the Vendor shall pay the Trustee the sum of $2,000.00 (the "Payment") for the benefit of the estate of PROJECT VERTE, INC., which amount shall be received by the Trustee on or before such date that is fourteen (14) days from the date of this Agreement. The Payment must be made by wire transfer or by check made payable to "Alfred T. Giuliano, Chapter 7 Trustee for PROJECT VERTE, INC.," and delivered to Alfred

163113466.1

T. Giuliano, Giuliano, Miller & Co., LLC, 2301 E. Evesham Road, Pavilion 800 Suite 210, Voorhees, NJ 08043.

7. The Trustee will seek Bankruptcy Court approval of the settlement hereunder. The Payment shall be held in escrow by the Trustee until the Bankruptcy Court approves this Agreement, with each Party to bear its own costs and fees. If this Agreement is not approved by the Bankruptcy Court, this Agreement shall be null and void and made without prejudice to either Party, and the Trustee shall return the Payment to the Vendor within ten (10) days of such disapproval.

8. Upon the Trustee's successful negotiation of the full amount of the Payment and approval of this Agreement by the Bankruptcy Court, the Trustee and the Debtor, on the one hand, and the Vendor, on the other hand, hereby remise, release, discharge, and acquit each other, and each other's respective executors, executrixes, employees, shareholders, attorneys, officers, and directors from any and all claims, actions, liabilities, debts, and causes of action whatsoever, however incurred or arising, now existing or hereafter arising, known or unknown, actually brought, or that could have been brought, relating to or pertaining to the Transfers under the Claim. The Vendor waives any rights that it, or its assigns and successors, may have to file a proof of claim under Section 502(h) of the Bankruptcy Code, or otherwise receive payment from the Debtor's estate, with respect to the Payment. For the avoidance of doubt, the Vendor shall be forever barred, estopped, and precluded from filing any proof of claim in this Chapter 7 case.

9. This Agreement represents the entire agreement between the Parties and may only be amended in writing, executed by the Parties hereto, and approved by the Bankruptcy Court.

10. This Agreement is being executed for settlement purposes only and does not constitute an admission of liability by the Vendor.

163113466.1

2

11. The Vendor and the individual executing this Agreement on behalf of the Vendor, and the Trustee and the individual executing this Agreement on behalf of the Trustee, each represent and warrant that they have the authority to execute this Agreement, and that when executed by the undersigned, the Vendor and the Trustee, respectively, will be bound hereunder.

12. This Agreement shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Delaware, without regard to Delaware's rules regarding conflicts of law.

13. Each of the Parties shall pay its own respective costs and attorneys' fees incurred with respect to the Claim and this Agreement.

14. Should any action, suit, or proceeding be commenced by either Party to this Agreement to enforce any provision hereof, the prevailing Party shall be entitled to recover from the other Party, in addition to obtaining other relief, reasonable attorneys' fees and costs, and expenses incurred in said action, suit, or proceeding, including any appeal.

15. This Agreement shall be construed without regard to any presumption or other rule requiring construction against the Party causing the document to be drafted. Each Party warrants that it has been represented and advised by counsel, or that it has had full opportunity to be represented and advised by counsel with respect to this Agreement and all matters covered herein.

16. This Agreement may be executed in one or more counterparts, including by facsimile, each of which shall be deemed an original, but all of which together constitute one and the same instrument. Facsimile and electronic copies of executed copies of this Agreement shall be deemed the equivalent of an original copy of this Agreement for all purposes.

**IN WITNESS WHEREOF,** the Parties are executing this Agreement as of the day and year first above written.

**I David Gordon Associates Inc DBA GORDON COMPANIES**

By: _____
Name: Aaron E. Gordon
Title: Vice President


**ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE FOR THE ESTATE OF PROJECT VERTE, INC.,**

By: _____
Alfred T. Giuliano, Chapter 7 Trustee

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is made and entered into as of this 23rd day of January, 2025, by and between ALFRED T. GIULIANO (the "Trustee"), CHAPTER 7 TRUSTEE FOR THE ESTATE OF PROJECT VERTE, INC. (the "Debtor"), and BOEHLKE SPARRER COMMUNICATIONS, INC. (the "Vendor," and collectively with the Debtor, the "Parties"), who intending to be legally bound, hereby agree as follows:

1.     On January 26, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2.     On January 27, 2023, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect today [D.I. 6].

3.     The Trustee has asserted a claim for preference and/or fraudulent conveyance transfers recovery against Vendor in the amount of $85,984.00 (collectively, the "Transfers"), pursuant to a certain demand letter dated November 7, 2024 (the "Claim").

4.     The Vendor has asserted various defenses to the Claim.

5.     In order to settle and resolve the Claim without the need for costly litigation, the Trustee and the Vendor have agreed to settle the Claim on the terms set forth herein.

6.     In full satisfaction of the Claim, the Vendor shall pay the Trustee the sum of $25,000.00 (the "Payment") for the benefit of the estate of PROJECT VERTE, INC., which amount shall be received by the Trustee on or before such date that is fourteen (14) days from the date of entry of an order granting approval of this Agreement by the Bankruptcy Court. The Payment must be made by wire transfer, pursuant to instructions provided by Trustee's counsel, or by check made payable to "Alfred T. Giuliano, Chapter 7 Trustee for PROJECT VERTE, INC.,"

163113466.1

4896-9406-6706.1

and delivered to Alfred T. Giuliano, Giuliano, Miller & Co., LLC, 2301 E. Evesham Road, Pavilion 800 Suite 210, Voorhees, NJ 08043.

7. The Trustee will seek Bankruptcy Court approval of the settlement hereunder. If this Agreement is not approved by the Bankruptcy Court, this Agreement shall be null and void and made without prejudice to either Party.

8. Upon the Trustee's successful negotiation of the full amount of the Payment and approval of this Agreement by the Bankruptcy Court, the Trustee and the Debtor, on the one hand, and the Vendor, on the other hand, hereby remise, release, discharge, and acquit each other, and each other's respective executors, executrixes, employees, shareholders, attorneys, officers, and directors from any and all claims, actions, liabilities, debts, and causes of action whatsoever, however incurred or arising, now existing or hereafter arising, known or unknown, actually brought, or that could have been brought; *except that*, the Vendor reserves any rights that it, or its assigns and successors, may have to file a proof of claim under Section 502(h) of the Bankruptcy Code with respect to the Payment. Any such filed Proof of Claim, so long as it does not exceed the amount of the Payment, and so long as the Payment was actually made by Vendor, shall be deemed allowed and Trustee shall not challenge or seek to disallow the Proof of Claim. Further, this Agreement in no way affects any Proof of Claim, if any, previously filed by the Vendor.

9. To the extent it applies, the Parties certify they have read the provisions of California Civil Code Section 1542 and have consulted its own counsel regarding that section. The Parties waive any and all rights under California Civil Code Section 1542, which states:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Parties agree and acknowledge that the released claims extend to and include unknown and unsuspected claims.

10. This Agreement represents the entire agreement between the Parties and may only be amended in writing, executed by the Parties hereto, and approved by the Bankruptcy Court.

11. This Agreement is being executed for settlement purposes only and does not constitute an admission of liability by the Vendor.

12. The Vendor and the individual executing this Agreement on behalf of the Vendor, and the Trustee and the individual executing this Agreement on behalf of the Trustee, each represent and warrant that they have the authority to execute this Agreement, and that when executed by the undersigned, the Vendor and the Trustee, respectively, will be bound hereunder.

13. This Agreement shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Delaware, without regard to Delaware's rules regarding conflicts of law.

14. Each of the Parties shall pay its own respective costs and attorneys' fees incurred with respect to the Claim and this Agreement.

15. Should any action, suit, or proceeding be commenced by either Party to this Agreement to enforce any provision hereof, the prevailing Party shall be entitled to recover from the other Party, in addition to obtaining other relief, reasonable attorneys' fees and costs, and expenses incurred in said action, suit, or proceeding, including any appeal.

16. This Agreement shall be construed without regard to any presumption or other rule requiring construction against the Party causing the document to be drafted. Each Party warrants that it has been represented and advised by counsel, or that it has had full opportunity to be represented and advised by counsel with respect to this Agreement and all matters covered herein.

Case 23-10101-LSS    Doc 191-1    Filed 02/20/25    Page 14 of 18
Docusign Envelope ID: 3B19ED58-1FB6-4C79-8A09-71F4BBFBFC99

17. This Agreement may be executed in one or more counterparts, including by facsimile, each of which shall be deemed an original, but all of which together constitute one and the same instrument. Facsimile and electronic copies of executed copies of this Agreement shall be deemed the equivalent of an original copy of this Agreement for all purposes.

**IN WITNESS WHEREOF**, the Parties are executing this Agreement as of the day and year first above written.

BOEHLKE SPARRER COMMUNICATIONS, INC.

By: *Curtis Sparrer*
Name: Curtis Sparrer
Title: Principal

ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE
FOR THE ESTATE OF PROJECT VERTE, INC.,

By: _____
Alfred T. Giuliano, Chapter 7 Trustee

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("Agreement") is made and entered into as of this 24th day of January, 2025, by and between ALFRED T. GIULIANO (the "Trustee"), CHAPTER 7 TRUSTEE FOR THE ESTATE OF PROJECT VERTE, INC. (the "Debtor"), and GEORGIA POWER COMPANY (the "Vendor," and collectively with the Debtor, the "Parties"), who intending to be legally bound, hereby agree as follows:

1. On January 26, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. On January 27, 2023, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect today [D.I. 6].

3. The Trustee has asserted a claim for preference and/or fraudulent conveyance transfers recovery against Vendor in the amount of $23,175.02 (collectively, the "Transfers"), pursuant to a certain demand letter dated November 7, 2024 (the "Claim").

4. The Vendor has asserted various defenses to the Claim.

5. In order to settle and resolve the Claim without the need for costly litigation, the Trustee and the Vendor have agreed to settle the Claim on the terms set forth herein.

6. In full satisfaction of the Claim, the Vendor shall pay the Trustee the sum of $1,600.00 (the "Payment") for the benefit of the estate of PROJECT VERTE, INC., which amount shall be received by the Trustee on or before such date that is fourteen (14) days from the date of this Agreement. The Payment must be made by wire transfer or by check made payable to "Alfred T. Giuliano, Chapter 7 Trustee for PROJECT VERTE, INC.," and delivered to Alfred

163113466.1

T. Giuliano, Giuliano, Miller & Co., LLC, 2301 E. Evesham Road, Pavilion 800 Suite 210, Voorhees, NJ 08043.

7. The Trustee will seek Bankruptcy Court approval of the settlement hereunder. The Payment shall be held in escrow by the Trustee until the Bankruptcy Court approves this Agreement, with each Party to bear its own costs and fees. If this Agreement is not approved by the Bankruptcy Court, this Agreement shall be null and void and made without prejudice to either Party, and the Trustee shall return the Payment to the Vendor within ten (10) days of such disapproval.

8. Upon the Trustee's successful negotiation of the full amount of the Payment and approval of this Agreement by the Bankruptcy Court, the Trustee and the Debtor, on the one hand, and the Vendor, on the other hand, hereby remise, release, discharge, and acquit each other, and each other's respective executors, executrixes, employees, shareholders, attorneys, officers, and directors from any and all claims, actions, liabilities, debts, and causes of action whatsoever, however incurred or arising, now existing or hereafter arising, known or unknown, actually brought, or that could have been brought, relating to or pertaining to the Transfers or the Claim. The Vendor waives any rights that it, or its assigns and successors, may have to file a proof of claim under Section 502(h) of the Bankruptcy Code, or otherwise receive payment from the Debtor's estate, with respect to the Payment. However, this Agreement in no way affects any Proof of Claim, if any, previously filed by the Vendor.

9. This Agreement represents the entire agreement between the Parties and may only be amended in writing, executed by the Parties hereto, and approved by the Bankruptcy Court.

10. This Agreement is being executed for settlement purposes only and does not constitute an admission of liability by the Vendor.

163113466.1

2

11. The Vendor and the individual executing this Agreement on behalf of the Vendor, and the Trustee and the individual executing this Agreement on behalf of the Trustee, each represent and warrant that they have the authority to execute this Agreement, and that when executed by the undersigned, the Vendor and the Trustee, respectively, will be bound hereunder.

12. This Agreement shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Delaware, without regard to Delaware's rules regarding conflicts of law.

13. Each of the Parties shall pay its own respective costs and attorneys' fees incurred with respect to the Claim and this Agreement.

14. Should any action, suit, or proceeding be commenced by either Party to this Agreement to enforce any provision hereof, the prevailing Party shall be entitled to recover from the other Party, in addition to obtaining other relief, reasonable attorneys' fees and costs, and expenses incurred in said action, suit, or proceeding, including any appeal.

15. This Agreement shall be construed without regard to any presumption or other rule requiring construction against the Party causing the document to be drafted. Each Party warrants that it has been represented and advised by counsel, or that it has had full opportunity to be represented and advised by counsel with respect to this Agreement and all matters covered herein.

16. This Agreement may be executed in one or more counterparts, including by facsimile, each of which shall be deemed an original, but all of which together constitute one and the same instrument. Facsimile and electronic copies of executed copies of this Agreement shall be deemed the equivalent of an original copy of this Agreement for all purposes.

**IN WITNESS WHEREOF,** the Parties are executing this Agreement as of the day and year first above written.

**GEORGIA POWER COMPANY**

By: *[signature]* Davindra Fletcher - Sr Customer Service Analyst
Name:
Title:

**ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE
FOR THE ESTATE OF PROJECT VERTE, INC.,**

By: *[signature]*
Alfred T. Giuliano, Chapter 7 Trustee

163113466.1                    4