# Exhibit "A"

# SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("Agreement") is made and entered into as of this 18th day of March 2025, by and between ALFRED T. GIULIANO (the "Trustee"), CHAPTER 7 TRUSTEE FOR THE ESTATE OF PROJECT VERTE, INC. (the "Debtor"), and AUCTANE LLC (the "Vendor," and collectively with the Debtor, the "Parties"), who intending to be legally bound, hereby agree as follows:

1. On January 26, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. On January 27, 2023, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect today [D.I. 6].

3. On January 24, 2025, the Trustee filed the *Complaint of Alfred T. Giuliano, Chapter 7 Trustee for Project Verte, Inc. to Avoid and Recover Transfers, Pursuant to 11 U.S.C. §§ 547, 548, and 550*, Adv. Pro. No. 25-50058-LSS (the "Complaint").

4. The Trustee has asserted claims for preference and/or fraudulent conveyance transfers recovery against Vendor in the amount of $15,628.21 (collectively, the "Transfers"), pursuant to the Complaint and a certain demand sent on or around December 2, 2024 (the "Claims").

5. The Vendor has asserted various defenses to the Claims.

6. In order to settle and resolve the Claims without the need for costly litigation, the Trustee and the Vendor have agreed to settle the Claims on the terms set forth herein.

7. In full satisfaction of the Claims, the Vendor shall pay the Trustee the sum of $6,000.00 (the "Payment") for the benefit of the estate of PROJECT VERTE, INC., which amount shall be received by the Trustee on or before such date that is fourteen (14) days from the date of this Agreement. The Payment must be made by wire transfer or by check made payable to "Alfred T. Giuliano, Chapter 7 Trustee for PROJECT VERTE, INC.," and delivered to Alfred T. Giuliano, Giuliano, Miller & Co., LLC, 2301 E. Evesham Road, Pavilion 800 Suite 210, Voorhees, NJ 08043.

8. The Trustee will seek Bankruptcy Court approval of the settlement hereunder. The Payment shall be held in escrow by the Trustee until the Bankruptcy Court approves this Agreement, with each Party to bear its own costs and fees. If this Agreement is not approved by the Bankruptcy Court, this Agreement shall be null and void and made without prejudice to either Party, and the Trustee shall return the Payment to the Vendor within ten (10) days of such disapproval.

9. Upon execution of this Agreement, and to the extent the Court enters an Order not approving the Agreement, the Parties agree that the deadline by which the Vendor must move, answer or otherwise respond to the Complaint shall be extended until seven (7) days from the date that the Bankruptcy Court enters an Order not approving the Agreement.

10. Upon the Trustee's successful negotiation of the full amount of the Payment and approval of this Agreement by the Bankruptcy Court, the Trustee and the Debtor, on the one hand, and the Vendor, on the other hand, hereby remise, release, discharge, and acquit each other, and each other's respective executors, executrixes, employees, shareholders, attorneys, officers, and directors from any and all claims, actions, liabilities, debts, and causes of action whatsoever, however incurred or arising, now existing or hereafter arising, known or unknown,

actually brought, or that could have been brought, relating to or pertaining to the Transfers under the Claims. The Vendor waives any rights that it, or its assigns and successors, may have to file a proof of claim under Section 502(h) of the Bankruptcy Code, or otherwise receive payment from the Debtor's estate, with respect to the Payment. However, this Agreement in no way affects any Proof of Claim, if any, previously filed by the Vendor.

11. This Agreement represents the entire agreement between the Parties and may only be amended in writing, executed by the Parties hereto, and approved by the Bankruptcy Court.

12. This Agreement is being executed for settlement purposes only and does not constitute an admission of liability by the Vendor.

13. The Vendor and the individual executing this Agreement on behalf of the Vendor, and the Trustee and the individual executing this Agreement on behalf of the Trustee, each represent and warrant that they have the authority to execute this Agreement, and that when executed by the undersigned, the Vendor and the Trustee, respectively, will be bound hereunder.

14. This Agreement shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Delaware, without regard to Delaware's rules regarding conflicts of law.

15. Each of the Parties shall pay its own respective costs and attorneys' fees incurred with respect to the Claims and this Agreement.

16. Should any action, suit, or proceeding be commenced by either Party to this Agreement to enforce any provision hereof, the prevailing Party shall be entitled to recover from the other Party, in addition to obtaining other relief, reasonable attorneys' fees and costs, and expenses incurred in said action, suit, or proceeding, including any appeal.

17. This Agreement shall be construed without regard to any presumption or other rule requiring construction against the Party causing the document to be drafted. Each Party warrants that it has been represented and advised by counsel, or that it has had full opportunity to be represented and advised by counsel with respect to this Agreement and all matters covered herein.

18. This Agreement may be executed in one or more counterparts, including by facsimile, each of which shall be deemed an original, but all of which together constitute one and the same instrument. Facsimile and electronic copies of executed copies of this Agreement shall be deemed the equivalent of an original copy of this Agreement for all purposes.

IN WITNESS WHEREOF, the Parties are executing this Agreement as of the day and year first above written.

**AUCTANE LLC**

By: *Kinloch Gill* (DocuSigned)
Name: Kinloch Gill III
Title: Chief Legal Officer

**ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE FOR THE ESTATE OF PROJECT VERTE, INC.,**

By: *Alfred Giuliano* (DocuSigned)
Alfred T. Giuliano, Chapter 7 Trustee

169104053.1                                    4